**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John Donald CAIRNS, Defendant-**
**Appellant.**

**No. 26095.**

United States Court of Appeals,
Ninth Circuit.

Nov. 6, 1970.

Richard Muller (argued), Tamblyn, Bouneff, Muller, Marshall & Richardson, Portland, Or., for defendant-appellant.

Morman Sepenuk, Asst. U. S. Atty. (argued), Sidney I. Lezak, U. S. Atty., Tommy Hawk, Asst. U. S. Atty., Portland, Or., for plaintiff-appellee.

Before HAMLIN, BROWNING and WRIGHT, Circuit Judges.

HAMLIN, Circuit Judge:

John Donald Cairns, appellant herein, was convicted after a jury trial in the United States District Court for the District of Oregon of a violation of 18 U.S.C. § 2113(a), (d) (armed bank robbery). This court has jurisdiction over appellant's direct appeal under 28 U.S.C. § 1291.

On October 16, 1969, the office of the United States National Bank in Portland, Oregon, was robbed of certain money. Appellant was apprehended and appeared in a lineup with five other men at a local county jail. This lineup was viewed by four witnesses to the robbery, two of whom selected appellant as the robber who approached the teller. The trial court held an evidentiary hearing on appellant's motion to suppress "in-court" identification of appellant by those who viewed the lineup, based on the Court's ruling in Wade v. United States, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Appellant's motion to suppress was denied. At the trial, appellant's motion to suppress was renewed and again denied.

It is contended that the trial court's denial of appellant's motion to suppress was reversible error because of an unconstitutional lineup identification. The record fails to support this contention. Appellant's attorney was present at the lineup. A picture was taken of the lineup and introduced into evidence. This picture does not indicate nor was any testimony introduced to indicate that the lineup was so constructed as to be overly suggestive or prejudicial to appellant's right to a fair trial. In fact, one

**644**

of the witnesses selected a person at the lineup other than appellant. At the trial, she identified appellant as the robber. The other witness at the lineup was unable to positively pick out the person who committed the robbery.

■ Appellant next contends that over his objection on the ground the testimony would invade the province of the jury, Government's witness,[1] a special agent with the Federal Bureau of Investigation and photographic identification specialist, compared two photographs: a photograph taken by the bank's surveillance camera at the time of the robbery and a police photograph of appellant taken ten days prior to trial. To assist in his identification, he enlarged the head area of the surveillance photograph to the same size as the enlarged head area in the police photograph.[2] The witness then pointed out the similarity in the two photographs in the nose and mouth areas, chin line, hair lines, ear contours and inner folds of the ears, among other things. He then testified that based on all the general characteristics the individual in the surveillance photograph is the individual in the police photograph "or another individual having all of these characteristics as to nose, mouth, chin, and the ear characteristics * * *." We see no error in the admission of this testimony. While the jury is the sole judge of the facts, expert testimony has long been admissible as an aid to the jury.[3]

■ Appellant's last contention is that the trial court committed reversible error in failing to grant appellant's motion for a mistrial, grounded upon the presence in the court room during the trial of one Vantress. It appears that the parties agreed that witnesses should be excluded, except while testifying. Vantress was on the list of government witnesses. However, he was not called as a witness during the trial.

After the prosecution had rested and the case was nearly completed, defense counsel advised the court that he had just been informed that Vantress had been in the court room during the trial and had talked to other witnesses both before and after they testified.

The motion for a mistrial was denied, but the court said he would conduct a hearing after trial in the event of an adverse verdict, and would entertain a motion in arrest of judgment. After the guilty verdict the court heard witnesses on the motion for mistrial and the clerk's transcript contains the entry: "Entered order overruling motion as no evidence to sustain motion."

We find appellant's contention wholly without merit. In light of the findings at the post-trial hearing and the fact that the person was never called to testify, there was no prejudice to appellant.

The judgment of the District Court will be affirmed.

1. Counsel made no objection to the qualifications of the witness as an expert.

2. He further stated that one photograph was slightly out of focus and was less clear.

3. Expert testimony concerning similarities in handwriting and fingerprints has long been admissible in evidence. See, e. g., Robles v. United States, 279 F.2d 401 (9th Cir. 1960), cert. denied, 365 U.S. 836, 81 S.Ct. 750, 5 L.Ed.2d 745 (1961), reh. denied, 365 U.S. 890, 81 S.Ct. 1032, 6 L.Ed.2d 201 (1961) (handwriting); United States v. Pisano, 193 F.2d 361 (7th Cir. 1951) (fingerprints).