35 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maurice MOSLEY, Defendant-Appellant.
 No. 93-50148.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 2, 1994.
Decided Aug. 31, 1994.
 
 1
 Before: O'SCANNLAIN and T.G. NELSON, Circuit Judges; MERHIGE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Maurice Mosley appeals his conviction of six counts of armed robbery of federally-insured banks in violation of 18 U.S.C. Sec. 2113(a)(d) and one count of use or possession of a firearm during the commission of an offense in violation of 18 U.S.C. Sec. 924(c).
 
 
 4
 * Mosley asserts that the district court erred when it allowed the government to call witness Douglas Goodin to testify as an expert in photographic comparisons.
 
 
 5
 Goodin, an agent with the Federal Bureau of Investigation, testified that he had subjected a bank photo of the robbery to digital imaging processing, a procedure that sharpens pictures. He informed the jury that, after sharpening the photo, he was able to detect a mark on the face of the robber. He then compared this mark with a mark on Mosley's face, which was visible in an arrest "booking" photograph, and described their similarities.
 
 
 6
 The district court reasonably concluded that this testimony would assist the jury. United States v. Cairns, 434 F.2d 643 (9th Cir.1970). It did not abuse its discretion. Id.
 
 II
 
 7
 Mosley contends that the district court erred in requiring him to don a cap and sunglasses for observation by the jury.
 
 
 8
 Requiring Mosley to wear the cap and glasses had probative value. The procedure allowed the jury to assess the credibility of bank personnel who had identified Mosley as the person who had robbed them. United States v. Domina, 784 F.2d 1361, 1371 (9th Cir.1986), cert. denied, 479 U.S. 1038 (1987); United States v. Satterfield, 572 F.2d 687, 690 (9th Cir.), cert. denied, 439 U.S. 840 (1978). It also enabled the jury to compare the bank photo with Mosley's appearance so that it could make its own identification. Domina, 784 F.2d at 1371; Satterfield, 572 F.2d at 690. Finally, Mosley has not established that this process subjected him to an unusual risk of prejudice. The district court thus did not abuse its discretion in permitting this procedure.
 
 III
 
 9
 Mosley asserts that the district court erred in not appointing and funding an investigator pursuant to 18 U.S.C. Sec. 3006A(e)(1). Mosley contends that Ernest Eley resembled his appearance and, therefore, could have been the person who robbed the banks involved in the instant case. According to Mosley, witnesses and the jury mistakenly identified him, rather than Eley, as the robber.
 
 
 10
 The district court did not abuse its discretion in denying Mosley an investigator. After comparing photographs of Mosley and Eley, the court identified a number of distinguishing physical characteristics between the two men and concluded that Mosley's evidence regarding Eley's appearance did not raise doubt that Mosley was the person who committed the bank robberies for which he was convicted. Specifically, the court found that Eley was three inches smaller and fifty to seventy pounds lighter than Mosley, had a bonier face than Mosley, had a lighter complexion, and did not have a mole on the side of his nose (as did Mosley). Given this, Eley would not have matched the descriptions of the bank robber provided by witnesses and bank surveillance photos in Mosley's trial. In addition, other evidence adduced at trial--such as Mosley's multicolored coat, which matched the jacket worn by the robber--linked Mosley to these crimes.
 
 
 11
 Eley's substantially different physical appearance indicates that a reasonable attorney would not have hired an investigator to investigate the defense that Eley was the person who committed the instant robberies. The jury would not have confused Mosley for Eley. The district court thus did not abuse its discretion in denying Mosley's motion.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3