263 So.2d 893

**STATE of Louisiana**

v.

**Willie VALENTINE.**

No. 51820.

May 18, 1972.

Allen C. Hope, Jr., for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Willie Valentine, appeals his jury conviction of armed robbery for which he was sentenced to serve thirty-five (35) years in the State Penitentiary. On appeal, the defendant relies on three bills of exceptions reserved and perfected during his trial to upset his conviction and sentence.

■ Bill of exceptions number one argues the trial judge committed prejudicial error when he denied defense counsel's motion for continuance to obtain an alibi witness made after the trial had begun. In his per curiam to this first bill of exceptions, the trial judge stated that his reasons for denying the motion were that several continuances had been granted previously to counsel for the defense, that due diligence in attempting to secure the absent witness had not been demonstrated by counsel for the defense, and lastly that Article 708 of the Criminal Code states that no continuance shall be granted after the trial has commenced. We agree with the trial judge's conclusions, and find that this bill of exceptions lacks merit.

■■ The second and third bills of exceptions advanced by the defendant concern photo and line-up identification. Bill of exceptions number two argues that the line-up identification was tainted because the witness had previously identified the defendant by means of photographs. Bill of exceptions number three argues error occurred when the trial court permitted the introduction into evidence a photograph of the line-up. We find both of these bills lack merit. The victim of the robbery testified at the trial that he was called to the police station, and without suggestion or influence picked the defendant's photo from a stack of approximately one hundred photographs. We find that the photographic identification procedure was not impermissibly suggestive and did not give rise to a substantial likelihood of irreparable misidentification. See Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 2d 1247 (1968). No objection is made, nor do we find that the line-up was unfairly conducted. Thus, the prior photo identification of the defendant cannot be said to have tainted the subsequent line-up identification. The photograph of the line-up was relevant and was properly accepted as a predicate to show the fairness of the line-up identification of the defendant. La.R.S. 15:441 et seq.; State v. Hall, 261 La. 777, 260 So.2d 913 (decided April 13, 1972).

For the reasons assigned, the conviction and sentence are affirmed.