310 So.2d 622 (1975)
STATE of Louisiana
v.
Frederick BLAND.
No. 55665.
Supreme Court of Louisiana.
March 31, 1975.
*623 Raymond A. McGuire, New Orleans, for defendant-appellant.
Willaim J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Frederick Bland was charged by bill of information with armed robbery in violation of R.S. 14:64. He was tried and convicted by a jury and later sentenced to serve 50 years at hard labor. Three assignment of errors are presented for review on this appeal.
The robbery in question occurred around 3:30 on the afternoon of January 25, 1973 when defendant and a male companion entered the Cash & Carry Wholesale Grocery Company located at 1234 Press Street in New Orleans. They robbed the individuals present in the store at that time at gun point. One of these persons, Herman Bustamente, recognized one of the armed men, although he could not then immediately place him. On the day following the crime, Bustamente recalled that the robber he recognized was Frederick Bland who had worked for him for one day about a year before. A search of his files resulted in the work record of Bland. Bustamente then called the police, gave them Bland's name and address and asked to see a picture of Bland. When shown a group of seven photographs, Bustamente immediately *624 picked out that of Bland. Later at a lineup, Bustamente again selected Bland from the men appearing therein and once more identified him as one of the robbers. Another person present during the robbery, Charles Trotter, was unable to attend the police lineup. Two weeks before trial, Trotter was shown a picture of the lineup in the district attorney's office and was told that one of the robbers had been identified by someone else and was in the photograph. Trotter identified Bland from the photograph. Both Bustamente and Trotter made positive identifications of Bland as one of the robbers at trial.

ASSIGNMENT OF ERROR NO. 1
Objection was made when Trotter was being questioned concerning his identification of Bland from the photographic lineup conducted in the district attorney's office. He first testified that he had been shown the lineup photograph and had identified Bland. When asked what was told him when he was shown the picture in the district attorney's office, he answered:
He said one of the dudes had been identified by somebody else that was there and said he was in the photograph and it was up to me to pick him out.
Then the question:
Did you select one from this photograph?
Defense counsel objected on the ground that the witness was shown the photograph without an attorney being present. The court overruled the objection, and a bill of exceptions was reserved. The witness responded that he selected No. 4 (Bland).
The ground asserted for this objection at trial is without merit. It was held in United States v. Ash, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973) that pretrial photographic identification, even post-indictment, does not require the presence of defense counsel under the sixth amendment of the United States Constitution.
On appeal, defendant raises the issue of whether the identification procedure was impermissibly suggestive. It is contended that the statement to Trotter, when the photograph was presented to him for identification, that one of the robbers had been identified by someone else and was in the photograph, coupled with the fact that defendant's number in the picture was different (light), made the identification procedure used impermissibly suggestive.
The suggestion by the district attorney that someone had identified one of the robbers in the photograph might be considered to have tainted the out-of-court identification. However, there is no merit in defendant's claim that the lightness of defendant's number in the photograph created an impermissible suggestion. A view of the photograph shows five black males similar in dress, size and appearance. It is obvious that the lighter appearance of defendant's number (No. 4) is the result of glare caused by the lighting condition. A similar situation is likewise apparent in regard to another number (No. 5) in the photograph. This is in accordance with the testimony of Detective Mendoza who conducted the lineup.
Even assuming the out-of-court identification was tainted, if the in-court identification had a source independent of the out-of-court identification, the in-court identification does not violate defendant's due process rights. State v. Baggett, 292 So.2d 201 (La.1974); State v. Moseley, 284 So.2d 749 (La.1973); State v. Newman, 283 So.2d 756 (La.1973); State v. Amphy, 259 La. 161, 249 So.2d 560 (1971); State v. Richey, 258 La. 1094, 249 So.2d 143 (1971); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); cf. State v. Wallace, 285 So.2d 796 (La.1973). We stated in State v. Newman that a determination of whether the witness' in-court identification was based upon an independent source involves *625 these factors: (1) the prior acquaintance of the witness with the accused; (2) length of time the witness observed the perpetrator before, during and after commission of the offense; (3) the circumstances under which the observation was made. This would include illumination at the scene, the physical capacities of the witness and the emotional state the witness was in at the time of observation.
In the instant case, the robbery took place over a period of fifteen to twenty minutes. Trotter was some fifteen to twenty feet from Bland. The lighting conditions in the store were good. The witness gave a description of both robbers to the police at the scene. He described defendant as having a moustache and a short bush haircut. His identification of Bland was the result of his personal observation of him during the robbery. We are satisfied that the in-court identification had a source independent of the out-of-court identification. Hence, the in-court identification did not violate defendant's due process rights.

ASSIGNMENT OF ERROR NO. 2
Herman Bustamente, a state witness, first described the events he witnessed on the day of the robbery (January 25, 1973). He gave testimony regarding his recognition of Bland as a former employee, the search of his files the day after the robbery, and the furnishing of information about Bland to the police. Thereafter, he testified as to his selection of defendant's picture from a display of photographs presented to him by the police and his identification of defendant from the lineup held at the police complex. The prosecutor then asked him:
If you were called on to make an identification in this courtroom would that identification have been influenced by a photograph of the lineup and a particular photograph or the result of what you noticed and observed on January 25, 1973?
Defense counsel objected on the ground that the question called for an answer which was for the jury to decide. The objection was overruled, and the witness was then asked:
If you were to make an identification, what prompted the identification?
He responded:
I know he has a mark on his forehead, you can't quite see it. The only identification I can say is that the subject worked for me one day.
The prosecutor next asked:
Will you make an identification and point out the man who robbed Mr. Wally?
The witness answered:
Mr. Bland, right there.
First, the original question asked was not answered. The witness testified as to the factors upon which his identification was based. Second, the question involved an attempt by the state to lay a foundation for the in-court identification. The state must show a source independent of any out-of-court identifications. Accordingly, it had a right to negate any possible influence resulting from the pre-trial identifications. Defendant is accorded a full right of inquiry on cross-examination. While it is ultimately a question for the jury to decide, the state is permitted to present a factual foundation therefor. Hence, we find no error in the ruling of the trial court.

ASSIGNMENT OF ERROR NO. 3
Under this assignment of error, attack is first made on the pre-indictment lineup at which defendant was identified. No attorney was present. Defendant argues that the state had sufficient time to indict him prior to the time the lineup was conducted and had it done so, the presence of counsel would have been required under *626 United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The argument is without substance. The bill of information was filed on March 15, 1973, some 50 days after commission of the crime. This is well within the period prescribed by law. La.Code Crim.P. art. 571 et seq. (1966). Since the lineup was conducted prior to indictment, there was no requirement for the presence of counsel at this stage of the proceedings. State v. Lawrence, 294 So.2d 476 (La.1974); Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).
Also argued under this assignment of error is that the photograph of the lineup indicates that the number given to defendant is lighter than the other numbers. We disposed of this contention under the first assignment of error.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.