341 So.2d 381 (1976)
STATE of Louisiana
v.
Michael FINLEY et al.
No. 58343.
Supreme Court of Louisiana.
December 13, 1976.
*382 James K. McCay, Baton Rouge, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Michael Finley, Timothy Bindom and Leroy Scott were charged in the same bill of information with simple burglary in violation of La.R.S. 14:62.[1] After trial by jury, they were found guilty as charged. Subsequently, Michael Finley and Timothy Bindom were each sentenced to serve three years at hard labor with credit given toward service of sentence for time spent in actual custody prior to imposition of sentence. The court suspended the imposition of sentence of Leroy Scott and placed him on probation for a period of three years. On appeal, defendants rely on seven assignments of error for reversal of their convictions and sentences.

FACTS
The record reflects that at about 10:35 p.m. on Sunday, January 19, 1975, Baton Rouge City Police Officer Emmet W. Smart observed an occupied Pontiac parked with lights out on a side street adjacent to the H. W. Parson Motors used car lot. Alfred Augustus, the owner of the vehicle, was behind the steering wheel; defendant Leroy Scott, seated in the rear of the vehicle, slid down in the back seat as Officer Smart's police unit approached. The officer testified that as he pulled up to the Pontiac and exited his unit with his police canine, he observed defendants Michael Finley and Timothy Bindom in the well-lighted used car parking lot which, at that late hour, was closed for business. Officer Smart saw Finley on the ground pushing something under Chevrolet pickup truck. He radioed police headquarters concerning the situation and then approached the Pontiac, ordering Augustus and Scott out of the car and Finley and Bindom out of the parking lot. After the arrival of a second police unit, Officer Smart investigated the area where Finley and Bindom had been standing. He discovered a tire, tire rim and set of car keys on the ground under the Chevrolet truck. Mr. Parson, the owner of the used car lot, was called to the scene. He identified the keys as belonging to a used Oldsmobile parked nearby on the car lot. On opening the trunk of the vehicle, it was discovered that the car's spare tire and rim were missing. Mr. Parson verified that the items found under the truck were taken from the Oldsmobile trunk; no one had been authorized to remove them. Moreover, Mr. Parson had personally parked the Chevrolet truck at 6:00 p.m. on the previous evening, at which time there was nothing on the ground underneath it. Each of the defendants took the stand and testified that they had been together since about 8:30 p.m. that evening and went by the used car lot only to look over the automobiles available for purchase or trade. Defendant Scott claimed that he *383 remained in the car with the driver Alfred Augustus because of the cold weather.

ASSIGNMENT OF ERROR NO. 1
Defendants contend the trial judge erred in allowing the state to question defendant Michael Finley concerning his refusal to sign a "waiver of rights of arrestee" form.
After the state had concluded its crossexamination of Finley, the witness stated on his own that at the time of his arrest he had asked Officer Smart to take fingerprints at the scene. In response to this statement, the district attorney posed several questions concerning defendant's refusal to make a statement after arrest and to sign a waiver of rights form. He then marked the form as State Exhibit No. 1 and proceeded to lay a foundation for its admission into evidence by questioning defendant as to whether he understood its nature and content. When the state formally offered the waiver form in evidence, defense counsel opposed its introduction, stating:
I have only one objection, Your Honor, that he explain to the jury what that waiver is.
The trial judge advised defense counsel that he could clarify the matter on redirect, whereupon counsel responded "Okay," and, after questioning the witness further, he stated: "Okay, I'll agree that it can be entered."
The record clearly demonstrates that the initial objection to the introduction of the waiver form was cured by defense counsel's later acquiescence to its admission into evidence.
Defendants argue for the first time on appeal that the state's questioning of defendant Michael Finley regarding his refusal to sign the "waiver of rights of an arrestee" form violated his due process rights under the fourteenth amendment of the United States Constitution, citing as authority the recent Supreme Court decision Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).
We do not reach the merits of this contention. Article 841 of the Code of Criminal Procedure provides that an irregularity or error cannot be availed of after verdict unless the defendant has made known to the court his objection and the grounds therefor. A new basis for an objection cannot be raised for the first time on appeal. State v. Marks and Jones, 337 So.2d 1177 (La.1976); State v. Powell, 325 So.2d 791 (La.1976); State v. Forbes, 310 So.2d 569 (La.1975). In the instant case, the ground asserted on appeal as the basis of the trial objection is completely different from that urged at the time of the objection at trial. Since the present ground was not raised and ruled upon by the lower court, it will not be considered on appeal. Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendants contend the trial judge erred in denying the motion to sever and/or motion to withdraw as counsel on behalf of defendants Timothy Bindom and Leroy Scott filed by their attorney.
On the day of trial and after the jury had been selected and sworn, argument was heard on defendants' written motion captioned and argued to the court as a "Motion to Withdraw as Counsel." Defense counsel urged that his representation of all three defendants in the instant case created a conflict of interest inasmuch as one of the defendants had prior convictions and might be cross-examined thereon should he decide to take the stand.
We have held that joint representation does not suggest conflict of interest between several jointly represented defendants unless it has the potential of depriving an individual of the effective assistance of counsel at his trial. State ex rel. Thompson v. Henderson, 306 So.2d 713 (La.1975). The decision as to whether to allow an attorney who is competent and familiar with the case to withdraw as counsel of record is ordinarily a matter within the sound discretion of the trial judge. State v. Boudoin, 257 La. 583, 243 So.2d 265 (1971).
In the instant case, all four defendants related virtually the same exculpatory *384 version of the facts. We are unable to say that the mere fact that one co-defendant (Timothy Bindom) took the stand in his own behalf and that of his co-defendants, thereby exposing himself to cross-examination concerning a prior conviction, constituted a conflict of interest warranting a finding of abuse of discretion by the trial judge in denying the motion to withdraw as counsel of record.
Moreover, we note that even construing the motion as one to sever as argued by defendants in brief, this court has rejected in State v. Medlock, 297 So.2d 190 (La.1974) and State v. Smith, 283 So.2d 470 (La.1973) defendants' contention that a joint trial of defendants with and without criminal records would prejudice the defendants without records and therefore warrant a severance. Furthermore, it is well established that the granting of a severance is within the discretion of the trial judge whose ruling on a motion for severance will not be disturbed in the absence of a clear abuse of discretion. State v. Medlock, supra; State v. Smith, supra.
We do not find that the trial judge's ruling constituted an abuse of discretion. Accordingly, Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendants contend that the trial judge erred in allowing the state to question defendant Timothy Bindom concerning a prior conviction. The record reveals, however, that no objection was made by defense counsel contemporaneously with the questioning now assigned as error. La.Code Crim.P. art. 841 provides, and this court has consistently held, that an irregularity or error in the proceeding cannot be availed of after verdict unless it is objected to at the time of its occurrence. State v. Phanor, 325 So.2d 579 (La.1976); State v. Burgy, 320 So.2d 175 (La.1975).
In any event, we note that the questions propounded by the district attorney fully complied with the well-settled law of this state that, when an accused takes the stand in his own defense, evidence, of a prior conviction is admissible for the purpose of impeaching his credibility. La.R.S. 15:495; State v. Hatch, 305 So.2d 497 (La.1974); State v. Williams, 304 So.2d 311 (La. 1974); State v. Fallon, 290 So.2d 273 (La.1974). This assignment of error lacks merit.

ASSIGNMENTS OF ERROR NOS. 4, 5, 6 AND 7
In these assigments of error, defendants contend the trial judge erred in denying their motion for a new trial based on the insufficiency of the evidence against them. In Assignments of Error Nos. 4 and 6, defendants complain that the verdicts rendered against them were contrary to the law and evidence and that there was no evidence to sustain their convictions. In Assignments of Error Nos. 5 and 7, defendants allege that their convictions were improperly based solely on circumstantial evidence. We find no substance in these contentions.
In criminal cases, the scope of this court's appellate jurisdiction extends only to questions of law. La.Const. art. 5, § 5(C) (1974). Sufficiency of the evidence is a question of fact. State v. Gordon, 336 So.2d 793 (La.1976). It is well settled that where error is assigned to the refusal of a trial judge to grant a motion for a new trial grounded on the allegation that the verdict is contrary to the law and evidence, nothing is presented for our review. La.Code Crim.P. art. 858; State v. Jack, 332 So.2d 464 (La.1976). Only where it is alleged that there is no evidence of the crime or an essential element thereof is a reviewable error of law presented. State v. Woods, 327 So.2d 405 (La.1976).
With regard to convictions based solely on circumstantial evidence, La.R.S. 15:438 provides as follows:
The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.
*385 In the instant case, the record reveals that Leroy Scott accompanied Finley and Bindom to the closed used car lot late at night and waited for them to return to the automobile they were using. Scott was observed to slide down in the back seat of the car when he noticed Officer Smart's police unit approaching. The officer testified that he saw Bindom and Finley standing in the rear of the deserted used car lot. Finley was observed pushing under a Chevrolet pickup truck what was later identified by the owner of the used car lot as a tire, tire rim and key taken without authorization from a nearby used Oldsmobile.
Our review of the record convinces us that there was some evidence of the crime for which defendants were found guilty by the jury. We are also satisfied that circumstantial evidence of the commission of simple burglary was adduced which, if accepted by the jury, would justify a jury in concluding that every reasonable hypothesis of innocence had been excluded. Accordingly, the trial judge did not err in denying defendants' motion for a new trial. Assignments of Error Nos. 4, 5, 6 and 7 are without merit.

DECREE
For the reasons assigned, the convictions and sentences are affirmed.
NOTES
[1] Alfred Augustus was charged in the same information and tried jointly with defendants herein. He was found guilty as charged. The court suspended imposition of sentence and placed him on probation for three years. Augustus did not join in this appeal.