343 So.2d 1026 (1977)
STATE of Louisiana
v.
Michael WILLIAMS.
No. 58679.
Supreme Court of Louisiana.
February 28, 1977.
Rehearing Denied April 7, 1977.
*1030 George L. Gillespie, Jr., Lyman L. Jones, Jr., Gillespie & Jones, Metairie, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John J. Mamoulides, Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Div., Gretna, for plaintiff-appellee.
MARCUS, Justice.
Michael Williams was indicted by the grand jury for the Parish of Jefferson for having committed first degree murder in violation of La.R.S. 14:30. Defendant's first trial was declared a mistrial because the jury was unable to reach a unanimous verdict. After a second trial by jury, defendant was found guilty as charged and sentenced to death. On appeal, defendant relies on seventeen assignments of error for reversal of his conviction and sentence.[1]
During an armed robbery committed at the Kart-N-Karry convenience store in Kenner, Louisiana on December 6, 1974, James Ferronte, the manager of the store, and a customer, John L. Jordan, Jr., were murdered. Michael Williams was indicted for the first degree murder of John L. Jordan, Jr.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial judge erred when he excused for cause four prospective jurors challenged by the state based on their sentiments regarding the death penalty. He argues that the manner in which the trial judge conducted the voir dire examination was improperly suggestive and that he has been denied a jury representative of a fair cross-section of the community.
This assignment of error is not properly before us for review. The record reveals that defendant made no objection during voir dire examination either to the manner of questioning prospective jurors or to the excusal of the four jurors challenged for their views with respect to the death penalty. La.Code Crim.P. art. 841 provides, and this court has consistently held, that in the absence of a contemporaneous objection, an alleged irregularity or error cannot be availed of after verdict. State v. Finley, Bindom & Scott, No. 58,343, 341 So.2d 381 (La.1976); State v. Phanor, 325 So.2d 579 (La.1976).
Nevertheless, we have reviewed the record of voir dire examination and are satisfied that defendant's contentions are without merit. The questions propounded by the trial judge were designed to ascertain whether or not the prospective jurors could return a verdict carrying the death penalty if such verdict were supported by the evidence. It was entirely proper for the trial judge to examine the jurors on this matter and to excuse those who indicated that they would not return a verdict of guilty under any circumstances regardless of the proof at trial. Wither-spoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968); La.Code Crim.P. art. 798; State v. Roberts, 331 So.2d 11 (La. 1976); State v. Brown, 302 So.2d 290 (La. 1974). Moreover, we find no indication that the trial judge conducted the voir dire in a manner calculated to cause veniremen harboring merely conscientious scruples to excuse themselves.
Additionally, we note that in accordance with the United States Supreme Court decision in Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976), defendant in this case is entitled to be resentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence for twenty years, which sentence represents the most severe valid penalty established by the legislature for criminal homicide at the time of this offense. State v. Jenkins, 340 So.2d 157 *1031 (La.1976); State v. Clark, 340 So.2d 208 (La.1976).
We have uniformly held that a defendant insulated from the death penalty has no valid Witherspoon complaint. State v. Nicolaus, 340 So.2d 296 (La.1976); State v. Hunter, 340 So.2d 226 (La.1976); State v. Miles, 339 So.2d 735 (La.1976); State v. Rester, 309 So.2d 321 (La.1975).
Assignment of Error No. 1 lacks merit.

ASSIGNMENTS OF ERROR NOS. 2, 10 AND 13
Defendant assigns as error certain objections and remarks made by the district attorney during the course of the trial. He complains that frequent objections by the prosecution improperly circumscribed his opening statement. Defendant further contends that the district attorney personally vouched for the credibility of a state witness during an objection to defense cross-examination and that he improperly appealed to the prejudice of the jury during closing argument.
The record reveals that defendant acquiesced in the court's rulings sustaining state objections made during his opening statement to the jury. Moreover, defendant did not make known to the court at the time his objections to these rulings and the grounds therefor as required by La.Code Crim.P. art. 841. The record further indicates, and defendant acknowledges in brief, that no objections were made to the alleged prejudicial remarks made by the district attorney during defense counsel's cross-examination of a state witness and during the state's closing argument. It is well settled that an irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. La.Code Crim.P. art. 841; State v. Finley, Bindom & Scott, No. 58,343, 341 So.2d 381 (La.1976); State v. Knight, 323 So.2d 765 (La.1975). More particularly, we have held that, in order for alleged errors resulting from prejudicial remarks of a prosecutor made during trial or in closing argument to be appealable, a timely objection must be raised when the alleged prejudicial comments are made. State v. Thomas, 325 So.2d 593 (La. 1976); State v. Jones, 315 So.2d 650 (La. 1975); State v. Batiste, 318 So.2d 27 (La. 1975). Additionally, we note that the type of irregularities alleged herein are not discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. La.Code Crim.P. art. 920(2); State v. Batiste, supra; see State v. Refuge, 300 So.2d 489 (La.1974). Accordingly, these alleged errors are not properly before us for review.

ASSIGNMENT OF ERROR NO. 3
Defendant contends that the trial judge erred in admitting into evidence over defense objection certain morgue photographs and identification tags. At trial, defendant argued as a basis for his objection that the state had not laid a proper foundation for introduction of this evidence in that no testimony had been adduced identifying the subjects depicted in the morgue photographs.
For admission of demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is connected with the case. State v. Brown, 326 So.2d 839 (La.1975). Specifically, we have held that photographs are admissible in evidence when they are shown to have been accurately taken, to be a correct representation of the subject in controversy, and when they tend to shed light upon the matter before the court. State v. Freetime, 334 So.2d 207 (La.1976).
In the instant case, police technician Roderick Ripp testified that he attended the autopsy of the murder victims and photographed their bodies for identification purposes at its conclusion. He also stated that the bodies bore tags identifying the victims as James Ferronte and John Jordan. Dr. Charles Wascom had previously testified concerning the autopsy and identified the victims by name without defense objection.
Sufficiency of identification of a photograph for purpose of admissibility into evidence rests largely within the discretion of the trial judge. State v. Freetime, supra. *1032 We are satisfied that, when the photographs were introduced into evidence, an adequate foundation had been laid to support the conclusion that it was more probable than not that the bodies shown in the morgue photographs were the bodies of the murder victims. Furthermore, subsequent state witnesses did, in fact, identify the bodies in the photographs. Hence, any arguable deficiency in the state's foundation was cured by later testimony. Accordingly, we find no error in the ruling of the trial judge allowing introduction of the demonstrative evidence.
Defendant argues for the first time in brief that the photographs should not have been admitted because of their prejudicial and inflammatory effect on the jury. Article 841 of the Code of Criminal Procedure provides that an irregularity or error cannot be availed of after verdict unless the defendant has made known to the court his objection and the grounds therefor. A new basis for an objection cannot be raised for the first time on appeal. State v. Marks, 337 So.2d 1177 (La.1976); State v. Powell, 325 So.2d 791 (La.1976); State v. Forbes, 310 So.2d 569 (La.1975). In any event, it is well established that the test of admissibility of allegedly gruesome photographs is whether their probative value outweighs the possible prejudice that may result from their display to the jury. State v. Cooper, 334 So.2d 211 (La.1976); State v. Smith, 327 So.2d 355 (La.1975). Photographs of the body of a deceased victim have generally been held relevant to prove the corpus delicti; to corroborate other evidence of the manner in which death occurred; to establish the location, severity and number of wounds; and to establish the identity of the victim. State v. Cooper, supra; State v. Beach, 320 So.2d 142 (La.1975).
After examining the photographs in question, we do not consider that they are gruesome. Moreover, they were relevant to prove the identity of the murder victims and to corroborate the testimony concerning the manner in which the victims were killed. Since the probative value of the photographs outweighs any possible prejudicial effect, the trial judge did not err in admitting them in evidence.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends the trial judge erred in permitting the state to use the testimony of Leonard Johnson against him at trial. Johnson had been separately indicted for the same murder allegedly committed by defendant but was not being jointly tried with him. Defendant complains that Johnson's testimony was given in exchange for an agreement by the state to dismiss his indictment and argues that the testimony of an accomplice is subject to suspicion.
The record reveals that no objection was made by defendant to Johnson's testimony at trial. We have consistently held that an objection not contemporaneously raised in the lower court or ruled on by the trial judge cannot be availed of on appeal. La. Code Crim.P. art. 841; State v. Burgy, 320 So.2d 175 (La.1975).
In any event, this court has held that, although the testimony of an accomplice should be received and acted on with caution, such testimony constitutes competent evidence. State v. Lewis, 236 La. 473, 108 So.2d 93 (1959). Therefore, defendant's argument addresses itself to the weight of Johnson's testimony and not to its admissibility. The weight accorded to admissible evidence is a matter for the jury, not the court.
Assignment of Error No. 5 is without merit.

ASSIGNMENTS OF ERROR NOS. 6, 9 AND 11
In these assignments of error, defendant complains that the trial judge improperly admitted into evidence certain hearsay statements of Detective Frank Mistretta and Sergeant August Claverie.
Assigned Error No. 6 arose in the following context. During direct examination, *1033 Detective Frank Mistretta was questioned concerning a photographic showup exhibited to Leonard Johnson. The officer testified without objection that Johnson had earlier described and named Michael Williams as a participant in the murder under investigation. He further testified that he presented Johnson with four photographs in an entirely proper and non-suggestive identification procedure during which Johnson identified the defendant as the perpetrator of the crime. Thereafter followed a number of questions and responses relative to the photographs. Defense counsel made no objection until Officer Mistretta responded that he had caused Leonard Johnson to mark the photograph selected in the showup. At this point, the following objection was made:
Leonard Johnson was on the stand and he had an opportunity at that time to ask him that directly and it is simply hearsay when he says that Leonard Johnson identified these pictures.
The objection was overruled whereupon the prosecutor proceeded to have Officer Mistretta identify the photographs as those used in the showup procedure, after which he formally introduced them into evidence. Defendant again objected, commenting that a proper predicate had not been laid since Leonard Johnson had previously been on the stand and available to confirm that the photographs introduced were those used in the identification procedure.
We are uncertain as to the basis of defendant's first objection. If defendant's objection was addressed to the manner in which the state was laying a foundation for introduction of the photographs, we are satisfied that the objection lacked merit. The state's predicate sufficiently established that it was more probable than not that the photographs were those used at the showup procedure and that they were, therefore, connected with the case. State v. Brown, 326 So.2d 839 (La.1975). On the other hand, if defendant was objecting to the fact that Officer Mistretta had testified to defendant's identification by Leonard Johnson, a different legal issue is presented.
Hearsay evidence is inadmissible except under one of the statutory or well-recognized exceptions. La.R.S. 15:434. We have held that the testimony of a police officer relating what a third party has done or said at a photographic showup constitutes inadmissible hearsay when offered for truth of the matter asserted. State v. Ford, 336 So.2d 817 (La.1976). In State v. Jacobs, 344 So.2d 659 (La.1976), we reversed a conviction where a police officer's hearsay identification testimony was offered as the only evidence that a pretrial identification of the defendant had been made. There, the witness was not questioned at all concerning the pretrial identification procedure nor was she able to positively identify the defendant at trial. We have also made it clear, however, that in some circumstances the admission of hearsay identification testimony does not constitute reversible error. State v. Ford, supra. In Ford, we declined to reverse a conviction where the identification testimony was merely cumulative and corroborative of the witness' prior testimony that he had identified defendant as the perpetrator.
In the instant case, Leonard Johnson testified that he had viewed a photographic showup. Although he was not questioned further concerning an identification made at that time, the witness positively identified defendant in court as the individual who murdered James Ferronte and John Jordan during a robbery of the Kart-N-Karry convenience store. Additionally, defendant was identified as one of several men in the store shortly before the commission of the crime by state witness Donald Mumphrey. Hence, Officer Mistretta's hearsay testimony did not constitute the only evidence identifying defendant as the perpetrator of the offense. We are of the opinion that, under the particular facts and circumstances of this case, the admission of Officer Mistretta's testimony does not warrant reversal of defendant's conviction.
In Assignments of Error Nos. 9 and 11, defendant contends the trial judge erred in allowing Officer Mistretta and Sergeant Claverie to relate the contents of Leonard *1034 Johnson's inculpatory statement wherein he described the manner in which defendant committed the crime charged in this case.
The record reveals that no objection was made to the testimony given by Sergeant Claverie. In the absence of a contemporaneous objection, an alleged error or irregularity in the proceedings cannot be availed of after verdict. La.Code Crim.P. art. 841; State v. Finley, Bindom & Scott, No. 58,343, 341 So.2d 381 (La.1976); State v. Knight, 323 So.2d 765 (La.1975). The record further demonstrates that the disputed testimony of Officer Mistretta was elicited on redirect examination only after defendant himself had fully explored this area by way of hearsay testimony during cross-examination of the same witness. Hence, the testimony was merely cumulative in nature. Moreover, we have recently held that, when a defendant adduces such evidence on cross-examination, the state has a right to follow on redirect. La.R.S. 15:281; State v. Overton, 337 So.2d 1201 (La.1976). The trial judge correctly ruled that defense counsel had opened the door to this area on cross-examination and that it was a proper subject for redirect examination.
These assignments of error are without merit.

ASSIGNMENTS OF ERROR NOS. 7 AND 8
In these assignments of error, defendant complains of the introduction in evidence of certain "lineup" or "mug shot" pictures used in two separate photographic showups.
At trial defendant objected to the introduction of these photographs on the ground that an insufficient predicate had been laid for their admission in evidence. It is well established that a sufficient foundation is laid for the admission of demonstrative evidence where the evidence establishes that it is more probable than not that the object is connected with the case. State v. Brown, 326 So.2d 839 (La.1975).
Officer Frank Mistretta identified one set of photographs which he had exhibited to Leonard Johnson and another set which he had shown to Donald Mumphrey at separate pretrial showups. Clearly, his testimony identifying these photographs was sufficient to support a conclusion that it was more probable than not that they were connected with the case. Hence, the trial judge did not err in his ruling that an adequate predicate had been laid for introduction of the photographs in evidence.
For the first time in brief defendant contends that the display of "mug shots" to the jury was prejudicial tending to associate defendant with criminal activity. He also argues in brief that differences in the appearance of the photographs shown to Donald Mumphrey were impermissibly suggestive thereby tainting his identification of defendant. Inasmuch as a new basis for an objection cannot be raised for the first time on appeal, these arguments are not properly presented for our review. La.Code Crim.P. art. 841; State v. Marks, 337 So.2d 1177 (La.1976); State v. Powell, 325 So.2d 791 (La.1976); State v. Forbes, 310 So.2d 569 (La.1975). In any event, we have reviewed defendant's contentions and find them to be without merit. The disputed photographs were relevant and properly accepted in evidence at trial to demonstrate the fairness of the photographic identification procedures. State v. Holmes, 305 So.2d 409 (La.1974); State v. Valentine, 262 La. 571, 263 So.2d 893 (1972). In respect to the showup procedure itself, we have examined the photographs exhibited to Donald Mumphrey and do not find that they were so impermissibly suggestive as to cause a mistaken identification. We do not ascribe much significance to the slight color variation in the backgrounds of the pictures of Michael Williams and Leonard Johnson. In any event, it is well settled that, even if the out-of-court identification was tainted, if the in-court identification had a source independent of the out-of-court identification, the in-court identification does not violate defendant's due process rights. State v. Peevy, 321 So.2d 324 (La.1975); State v. Bland, 310 So.2d 622 (La.1975); State v. Moseley, 284 So.2d 749 (La.1973).
*1035 In the instant case, Donald Mumphrey testified that as he was leaving Kart-N-Karry convenience store where he had stopped to make a few purchases and converse with the manager on his way home from work, he observed defendant and two other subjects as they entered the store. He also noted at the time that after entering, they split up; one going to the back, one to the center, and the other to the front of the store. This incident occurred shortly before the robbery-murders at this location. Although Mr. Mumphrey did not identify defendant at the preliminary hearing, he explained that this was the result of a misunderstanding. At trial, the witness positively identified defendant as one of the persons whom he had seen enter the store that night. In view of the totality of the circumstances, we are satisfied that Mr. Mumphrey's in-court identification of defendant was based independently on the witness' observations before the offense rather than upon any possible defect in the photographic showup. Therefore, since the in-court identification had a source independent of the out-of-court identification, the in-court identification did not violate defendant's due process rights.
Assignments of Error Nos. 7 and 8 are without merit.

ASSIGNMENT OF ERROR NO. 14
Defendant contends the trial judge erred in denying his written motion requesting that ballistics tests be performed on a certain .22 caliber revolver, nine unspent.22 caliber bullets, and shell fragments removed from the bodies of the deceased victims. This motion was filed after defendant's conviction in an effort to secure new evidence to support defendant's related motion for a new trial.
On the last day of trial, an individual named Andrew Collins was called to testify for the defense. Collins had been incarcerated in the same cell block with defendant at parish prison pending trial on at least four separate charges for armed robbery. The record indicates that a few days prior to his appearance as a witness in this case he had been convicted of another armed robbery and was waiting to be sentenced. Collins testified at trial that he had committed the murders in the instant case and that the defendant Michael Williams was not involved. When Collins was apprehended on a different charge, he had in his possession a .22 caliber pistol. According to Sergeant August Claverie, a .22 caliber pistol and a .38 caliber pistol were stolen from the Kart-N-Karry store during the robbery-murders involved in this case.
Defendant argues in brief that the trial judge abused his discretion in refusing to order a ballistics test run on Collins' gun. He contends that the test was necessary to determine whether the shell fragments found in the bodies of the deceased victims may have come from Collins' gun and whether Collins' weapon was in fact one of those taken during the robbery in the instant case.
In Barnard v. Henderson, 514 F.2d 744 (5th Cir. 1975), the Court of Appeal for the Fifth Circuit reversed a conviction upheld by this court, granted habeas corpus relief, and ruled that the denial of defendant's request for a pretrial examination of the bullet in that case was a denial of due process. The court held that defendant's request for an inspection of the murder weapon and bullet by his own ballistics expert was not frivolous since one of the most damaging pieces of evidence against him was the identification of the murder bullet as having been fired by a pistol traced to his possession. Moreover, since seventy-five percent of this slug had been destroyed, identification had been made on the remaining twenty-five percent. The court held that this fact alone raised the possibility that had Barnard been assisted by a ballistics expert of his own, he might have been able to shake the identification testimony of the state's experts. We have recognized, however, that the decision in Barnard v. Henderson is limited to the facts of that case and is not binding on this court. We have continued to uphold rulings refusing ballistics examinations in cases distinguishable from Barnard, where defendant *1036 has made no effort to have the evidence examined at trial or any recess thereof and where the ballistics evidence is not crucial to the conviction. State v. Brumfield, 329 So.2d 181 (La.1976); State v. White, 321 So.2d 491 (La.1975).
In the instant case, defendant's conviction was not based on ballistics evidence, but rather on the eyewitness testimony of Leonard Johnson and the identification of the defendant by Donald Mumphrey. Moreover, the per curiam of the trial judge reveals that at defendant's first trial which ended in a mistrial, ballistics testimony was introduced which contradicted the proof defendant hoped to obtain pursuant to his post-trial discovery motion. The record of that testimony indicates that one of the victims was killed by a bullet fired from a .38 caliber pistol. The shell fragments removed from the body of the other victim were too badly damaged for identification. Hence, further testing could not have produced results helpful to defendant's case. Additionally, we note that Andrew Collins indicated in his testimony at trial that he had his own weapon with him when he entered the convenience store and that he had used it in the commission of the crime. Collins did not admit to having stolen the two pistols found missing from the scene of the crime. Collins further testified that he threw the weapon used in the instant murders into the river. According to defendant's own witness, therefore, the .22 caliber pistol found in Collins' possession was not the murder weapon, nor was it taken during the Kart-N-Karry robbery-murders.
In view of the foregoing, we find no abuse of discretion in the trial judge's denial of defendant's motion requesting the performance of ballistics tests.
Assignment of Error No. 14 lacks merit.

ASSIGNMENT OF ERROR NO. 15
Defendant contends the trial judge erred in denying his motion for a new trial.
Defendant first urges that the verdict is contrary to the law and evidence. It is well settled that such an allegation presents nothing for this court's appellate review. State v. Jack, 332 So.2d 464 (La.1976); State v. Bartley, 329 So.2d 431 (La.1976).
The second ground for defendant's motion alleges that three rulings of the trial judge pursuant to defense objections demonstrate prejudicial error. One of the rulings complained of deals with pretrial identification procedures more fully discussed in Assignments of Error Nos. 7 and 8. Insofar as defendant's contentions urge matters disposed of therein, nothing further is presented for our review. Defendant's argument regarding absence of counsel at the photographic showup is similarly without merit. There is no right to have counsel present during such identification procedures. United State v. Ash, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973). Defendant also complains of the trial judge's denial of his motion for a directed verdict, wherein he attacked the sufficiency of the state's evidence. We have uniformly held that this court is without jurisdiction to pass on the sufficiency of the evidence in a criminal case. State v. Gordon, 336 So.2d 793 (La.1976). This court can find error in the trial judge's denial of a motion for a directed verdict only when there is no evidence of the crime or an essential element thereof. State v. Foret, 315 So.2d 278 (La.1975); State v. Douglas, 278 So.2d 485 (La.1973). The testimony of Leonard Johnson, an eyewitness to the crime, obviously presented some evidence of the defendant's guilt. Defendant finally argues in this part of his motion that the trial judge improperly overruled his objections to leading questions propounded by the district attorney to state witness Leonard Johnson. After reviewing the record, we are satisfied that the questions asked of the witness were direct, non-suggestive and not leading. Accordingly, the trial judge correctly overruled defendant's objections.
Defendant's third basis for his new trial motion is the discovery of alleged new and material evidence. Defendant contends that ballistics tests of a .22 caliber pistol would corroborate Collins' testimony that he committed the murders in the instant *1037 case. We have already determined that the trial judge correctly denied defendant's post-trial discovery motion (Assignment of Error No. 14). The other alleged newly discovered evidence consisted of testimony and psychiatric records which purportedly would lend credence to Collins' exculpatory testimony and reflect adversely on the competence of a state witness. This court has consistently held that the trial judge is accorded considerable discretion in evaluating the impact of newly discovered evidence on the verdict, and his ruling will be disturbed on appeal only when there is a clear showing of abuse of discretion. State v. Brown, 338 So.2d 686 (La.1976); State v. Phanor, 325 So.2d 579 (La.1976). In considering a motion for new trial based on newly discovered evidence, the test to be employed is not simply whether another jury might bring in a different verdict, but whether the new evidence is so material that it ought to produce a different result than the verdict reached. State v. Brown, supra; State v. Jackson, 253 La. 205, 217 So.2d 372 (1968). We are satisfied that the newly discovered evidence presented in defendant's motion does not meet that test.
In defendant's fourth ground for his motion, he claims that since the verdict, he has discovered prejudicial errors or defects in the proceedings that, notwithstanding the exercise of reasonable diligence, were not discovered by him before the verdict. Defendant complains that Leonard Johnson was allowed to testify without being informed of his constitutional rights against self-incrimination and without presence of his attorney at the trial. He also repeats his complaints concerning the admission into evidence of certain photographs and related in-court identification testimony. These alleged errors were readily observable at trial. Since they were discoverable before verdict with the exercise of reasonable diligence, they do not constitute a proper ground for a new trial motion. Defendant additionally contends that the prosecutor created the impression that no immunity had been offered to Leonard Johnson, whereas Leonard Johnson's testimony was actually given in exchange for the state's dismissal of the murder indictment filed against him. He argues that had this evidence been presented to the jury, it would have affected Johnson's credibility. Our reading of the record does not reveal that the prosecutor created any impression one way or the other concerning a grant of immunity. Moreover, no evidence regarding immunity was ever adduced. Aside from defendant's unsupported allegations in his motion for a new trial, it was never demonstrated either at trial or at the hearing on defendant's motion that Leonard Johnson was promised anything in exchange for his testimony at trial. In view of the showing made, we are unable to say that the trial judge abused his discretion in denying a new trial based on this unsubstantiated contention.
The last ground for granting a new trial is that the ends of justice would be served thereby. La.Code Crim.P. art. 851(2). This is a ground upon which the trial judge may grant a new trial. It presents nothing for this court's appellate review. State v. D'Ingianni, 217 La. 945, 47 So.2d 731 (1950).
In view of the foregoing, we are unable to say the trial judge erred in denying defendant's motion for a new trial. Assignment of Error No. 15 is without merit.

ASSIGNMENTS OF ERROR NOS. 16 AND 17
After his conviction but before sentencing, defendant filed a motion in arrest of judgment challenging the constitutionality of the imposition of the death penalty. Inasmuch as the decision in Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976) had not yet become final, the trial judge denied defendant's motion and sentenced him to death by electrocution.[2] Defendant assigns as error the *1038 ruling of the trial judge and the imposition of the death penalty.
In Roberts v. Louisiana, the United States Supreme Court held unconstitutional Louisiana's mandatory death sentence for first degree murder. That decision has now become final and in accordance with it, this court has vacated sentences in first degree murder cases but, when no other reversible error has been found, we have remanded the cases to the trial court for resentencing of defendants to the most severe valid penalty established by the legislature for criminal homicide at the time of the offense. State v. Jenkins, 340 So.2d 157 (La.1976); State v. Clark, 340 So.2d 208 (La.1976). In the instant case, the crime was committed on December 6, 1974. The most severe valid penalty for criminal homicide applicable on that date was the penalty for second degree murder, life imprisonment at hard labor without eligibility for parole, probation or suspension of sentence for twenty years. Accordingly, even though we affirm the conviction, we vacate and set aside the imposition of the death penalty and remand the case to the trial court for resentencing. This will dispose of the contention made under these assignments of error.

DECREE
For the reasons assigned, defendant's conviction is affirmed, but the death sentence imposed on him is annulled and set aside, and the case is remanded to the district court with instructions to the trial judge to sentence defendant to imprisonment at hard labor for life without eligibility for parole, probation or suspension of sentence for a period of twenty years.
DIXON, J., concurs.
CALOGERO, J., concurs, not being in agreement with the treatment afforded assignments 6, 9 & 11.
DENNIS, J., concurs in the result.
NOTES
[1] Assignments of Error Nos. 4 and 12 have been specifically abandoned by defendant in brief to this court.
[2] We note ex proprio motu under the authority granted by La.Code Crim.P. art. 920(2) that twenty-four hours did not elapse between the time defendant's motion was overruled and the imposition of sentence. The minutes do not indicate that defendant waived the twenty-four-hour delay mandated by La.Code Crim.P. art. 873. Therefore, the sentence imposed on defendant was illegal. This error will be cured, however, when defendant is resentenced pursuant to our disposition of these assignments of error.