353 So.2d 1025 (1977)
STATE of Louisiana
v.
Preston George DEMOUCHET, Jr. and Jerry Paul Francis.
No. 60039.
Supreme Court of Louisiana.
December 27, 1977.
*1027 Paul J. deMahy, Willis & Hardy, St. Martinsville, for Jerry Paul Francis.
Gerald C. deLaunay, Logan & deLaunay, Lafayette, for Preston George Demouchet, Jr.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Dracos D. Burke, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendants were charged by bill of information with the armed robbery of one Beverly Chauffe, a teller at the St. Martin Bank and Trust Company on May 26, 1976. R.S. 14:64. Proceedings were initiated against them in the Sixteenth Judicial District Court for the Parish of St. Martin but were thereafter transferred to the Parish of St. Mary after a successful motion for a change of venue. Following a trial by jury defendants were found guilty as charged. They were each sentenced to ninety-nine (99) years at hard labor in the custody of the Department of Corrections without benefit of parole, probation or suspension of sentence. In support of their appeal to this Court defendants Francis and Demouchet have respectively filed nine (9) and ten (10) assignments of error. We have found merit in none of these assignments and accordingly affirm defendants' convictions and sentences.

ASSIGNMENT OF ERROR NO. 1 (DEMOUCHET)
In this assignment defendant Demouchet alleges that the trial court erred when it refused to grant a motion to quash based on the state's failure to adequately amend its response to the defendant's bill of particulars (Art. 532 C.Cr.Pr.).
In its initial response to Demouchet's Motion for a Bill of Particulars the state declared that the dangerous weapon used in the armed robbery was "a pistol." After a hearing on defendant's request for a more complete answer before the Honorable C. Thomas Bienvenu, Jr., the state was ordered to give defendant a more complete description of the weapon. The state's amended answer indicated that defendant had been armed with "a revolver." The *1028 defendant's Motion to Quash was denied by the Honorable Robert E. Johnson who was of the opinion that the defendant was not entitled to such information.
There is no merit in this assignment. As the category "revolver" is more definitive than "pistol" we find the state's compliance with the order sufficient. Certainly the more particularized response in no event can be construed as such a failure to furnish a sufficient bill of particulars as would warrant quashing the information.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 2 (DEMOUCHET)

ASSIGNMENT OF ERROR NO. 1 (FRANCIS)
In these assignments both defendants contend that the trial court erred in refusing to excuse a juror, Bernard Pellerin, for cause (partiality, C.Cr.Pr. art. 797(2)) after the juror testified that he had had several things stolen from him in the past and that he therefore had a "tendency to have a grudge" against thieves.
This Court has consistently held that the trial judge is vested with wide discretion in determining the qualifications of jurors to serve at a trial, and absent a clear showing of abuse of this discretion the ruling will not be disturbed on appeal. State v. George, 346 So.2d 694 (La.1977); State v. Jones, 315 So.2d 650 (La.1975).
Our view of the voir dire examination of the juror Pellerin indicates no abuse of discretion in the ruling. Whatever doubts concerning the juror's impartiality surfaced in answer to the defendant's questions were sufficiently dispelled by answers to questions later posed by the trial judge. The juror clearly stated that he could reach a decision in the case based solely on the evidence presented in court. These assignments lack merit.

ASSIGNMENT OF ERROR NO. 3 (DEMOUCHET)

ASSIGNMENTS OF ERROR NOS. 2 AND 3 (FRANCIS)
In these assignments defendants allege that the trial court erred in admitting into evidence a copy of a document colloquially referred to as a "bait list" which was used to link certain of the stolen money to the defendants. A "bait list" is a list of the serial numbers of particular Federal Reserve notes kept on hand by bank tellers. The list thus may identify money taken in a given robbery. Defendants allege that allowing the introduction of a copy of such list is in violation of the best evidence rule. R.S. 15:436.[1] We find no merit in this contention. In State v. Stuart, 344 So.2d 1006, 1009 (La.1977) this Court in response to an almost identical contention said, ". . . where a document offered in evidence is a mechanical reproduction of the original, and is thus the substantial equivalent of the original, admission over objection is reversible error only upon a showing that the content of the purported copy does not accurately reflect that of the original." As no such showing was made in the present case we find defendants' contention without merit.
Defendants also contend in these assignments that the trial court erred in admitting into evidence testimony by the bank's vice-president relative to this same document. Defendants contend that the bank officer had no personal knowledge of the list's accuracy as he himself had not prepared it. We also find this contention without merit. Although the witness had not prepared the list personally he was well acquainted with the signature on the list[2] *1029 and was therefore able to establish the list's authenticity under R.S. 15:460. This statute provides:
Any document, other than an authentic act, may be proved by any one who saw it written, or by a comparison of hands, or by any one who, from his knowledge of the handwriting of the person alleged to have written the document can testify that the document produced is in the handwriting of said person.
These assignments lack merit.

ASSIGNMENTS OF ERROR NOS. 4 AND 8 (DEMOUCHET)
In these assignments defendant Demouchet contends that the trial court erred in admitting into evidence state's exhibits 3 and 21 respectively.
State exhibit 3 is a photograph taken by a bank surveillance camera depicting defendant Demouchet leaving the bank with a brown paper bag in his hand. The state introduced the testimony of one Wallace Trew to establish the identity of the picture. Mr. Trew testified that he withdrew the film from the surveillance camera in St. Martin's Bank and Trust Co. and took it to have it developed immediately after the robbery occurred. He was accompanied by an F.B.I. agent. They delivered the film to the developer and waited for the negatives. After viewing the negatives the F.B.I. agent selected several frames for enlargement, one of which later became state exhibit 3. Defendant contends that a proper foundation was not laid for the exhibit in that Mr. Trew was not present in the dark room when the pictures were developed and he therefore could not say whether the pictures produced by the developer were from the film taken from the bank camera.
It is well established in our jurisprudence that for admission of demonstrative evidence, "it suffices if the foundation laid established that it is more probable than not that the object is connected with the case. State v. Williams, 343 So.2d 1026 (La.1977); State v. Brown, 326 So.2d 839 (La.1975). In the present case we determine such a foundation was laid through the testimony of Mr. Trew. Furthermore any defect alleged by defendants was later cured by the testimony of the person who developed the pictures. Therefore, assignment of error number four is without merit. State v. Williams, supra.
In assignment of error number eight defendant Demouchet alleges that the trial court erred in admitting into evidence state exhibit 21, a card containing the palm print of Demouchet. The objection to this exhibit is also based on an alleged improper foundation. Defendant contends that the F.B.I. agent who identified the palm print could not properly do so since the only mark of identification on the card was the notation "F.B.I.Houston,". Additionally, it is contended, the agent was not an expert in the field.
This assignment is also without merit. The F.B.I. agent who allegedly took the print sufficiently identified the print based on his recognition of his own handwriting on the print which he affixed before mailing it to Washington, D.C. Furthermore, the F.B.I. agent in Washington who received the palm print card also testified at defendant's trial that the card was received in the same envelope with defendant's fingerprint card and that she marked them together for identification. In view of the testimony of these witnesses we find that it was sufficiently shown by the state that the palm print card was more probably than not connected with the crime. State v. Williams, supra.

ASSIGNMENT OF ERROR NO. 9 (DEMOUCHET & FRANCIS)
In assignment of error number nine defendants contend that an improper foundation was laid for one of the state's exhibits, number 22, in that no attempt was made to show a chain of custody. The exhibit consisted of eleven $20.00 bills seized by the police from a car salesman who had received the money from defendants' as payment for an automobile. The state relied on the initials of the seizing officer and the date of the seizure placed on the bills when *1030 they were seized, to establish their identity. Defendants contend that this identification was faulty in that there were discrepancies between the eleven bills and the serial numbers written on the receipt given for the eleven bills.
This assignment lacks merit. In addition to chain of custody an acceptable method of identifying evidence is by visual identification, i. e. by testimony at the trial that the object is one related to the case. In the present case the state sufficiently identified the evidence by the seizing officer's placement of his initials and date of seizure thereon as to make it properly admissible. In this case, when nine of eleven bills bore serial numbers which coincided with numbers appearing on the receipts any discrepancy between the bills and the receipt given for them affected the weight of the evidence and not its admissibility.
This assignment lacks merit.

ASSIGNMENTS OF ERROR NOS. 5 AND 6 (DEMOUCHET)

ASSIGNMENTS OF ERROR NOS. 4 AND 5 (FRANCIS)
By these assignments defendants allege that the trial court erred in admitting into evidence the identification of the defendants by state's witnesses Eugene Thomas and Adley Champagne.
The witness Thomas, over defendant's objection, testified that he had seen the defendants in a car parked outside of the bank on the morning of the robbery. Defendants contend that this in-court identification by Mr. Thomas was improperly admitted because it was based solely on an allegedly suggestive out-of-court identification. The witness apparently had seen photographs of the defendants prior to trial on top of a desk in the St. Martin Parish Sheriff's Office. Our review of the record relevant to the incident in the Sheriff's Office leaves us unsure as to whether any unduly suggestive actions were taken by law enforcement personnel. However, even were we to find that the procedures were improperly suggestive we would nevertheless still find no error in admitting the identification of the defendants by Mr. Thomas as it was substantially founded on a source independent of the incident in the St. Martin Parish Sheriff's Office.
In State v. Frank, 344 So.2d 1039 (La. 1977) this Court reiterated the factors to be considered in determining the independent basis of an in-court identification. At page 1042 of that opinion this Court stated:
In this determination, three factors are relevant: (1) the prior acquaintance of the witness with the accused; (2) the length of time the witness observed the perpetrator before, during, and after the commission of the offense; (3) the circumstances under which the observation was made, i. e., the illumination at the scene, the witness's physical capacities, and the witness's emotional state at the time of the observation. State v. Fortenberry, La., 307 So.2d 296 (1975); State v. Moseley, La., 284 So.2d 749 (1973); State v. Newman, La., 283 So.2d 756, supra.

In the present case Mr. Thomas testified that although each viewing of the defendants on the day of the crime was for a very short period he had occasion to see them three different times that morning. The witness also stated that he had seen the defendant before. We therefore pretermit any issue of suggestiveness with our determination that the in-court identification of Mr. Thomas was founded on a basis independent of that possibly suggestive incident. The testimony was properly admitted.
In these assignments a similar objection as that discussed above is raised by defendants relative to the testimony of Mr. Adley Champagne. The testimony of this witness was intended to place the defendants not only in the area of the bank but also in the bank itself. Defendants again urge the inadmissibility of this testimony due to a possibly suggestive out-of-court identification. We reach an identical conclusion, however, relative to this witness' testimony as we did concerning that of the witness Thomas.
*1031 The occurrences which defendants contend were improperly suggestive need not be considered at this time. The witness saw the defendants twice on the morning of the robbery; once in the bank for several minutes, and once in a car outside his place of employment. For these reasons we find that a basis sufficiently independent of any possibly suggestive out-of-court identification existed which warranted the admission of Mr. Champagne's testimony.
These assignments lack merit.

ASSIGNMENT OF ERROR NO. 7 (DEMOUCHET AND FRANCIS)
Defendant Francis complains in this assignment of error of the court's allowing Mrs. Rose Marie Francis to identify the subject of a bank surveillance photograph as being her son the defendant Jerry Francis.
Defendant Demouchet's assignment of error number seven complains of the trial court's allowing Cynthia Tobey, Louis Schexnayder and Gilbert Richard to identify him in the same photographs.
Before we further explain the nature of the complaint, the law we deem applicable and our appraisal of the assignments it is well that we discuss the character and extent of the testimony offered by the four above named witnesses at defendants' trial.
Mrs. Francis was not present in the bank which defendants allegedly robbed either before, during, or after the commission of the crime. She saw the photographs taken by the bank surveillance camera on the front page of the local newspaper and called the police to identify one of the persons depicted in those photographs as being her son Jerry Paul Francis. After receiving this call from Mrs. Francis the police went to her house to question her further. During the questioning she gave the police several items of the defendant's Francis' clothing which were allegedly identical to those worn by the suspect in the photograph (See Francis' assignments six and eight, infra) and again tearfully acknowledged that one of the photographs on the front of the newspaper was of her son Jerry Paul Francis.
Miss Tobey was not present at the bank on the day of the crime either. For reasons not apparent in the record she was called to the New Iberia Police Station on the day of the robbery for the purpose of identification because of her knowledge of Preston Demouchet. It appears that Miss Tobey had attended school with Demouchet and had known him "very well" for approximately eight (8) years prior to the crime. At the police station she made a definite identification of Preston Demouchet in the photographs.
Louis Schexnayder and Gilbert Richard were, respectively, the owner and salesman at a used car lot in New Iberia. Each had had several dealings with defendant Demouchet concerning the purchase of a used car during the weeks surrounding May 26, 1976, the day of the crime.
At defendant's trial each of the witnesses (except Mrs. Francis whose viewing had been earlier) viewed photographs taken by the bank surveillance camera and either identified one of the defendants as being depicted therein or stated that they had previously made such photographic identification.
Defendants objected to these identifications and the testimony of Mrs. Francis relative to her post crime photographic identification on the basis that such was an issue within the sole province of the jury and that it was inadmissible as opinion evidence under R.S. 15:463.
Our research on this issue has revealed almost exclusively Federal Court decisions. Most of these decisions have concerned opinion identification testimony offered by experts: United States v. Brown, 501 F.2d 146 (9th Cir. 1974); United States v. Cairns, 434 F.2d 643 (9th Cir. 1970). However, two very recent cases have concerned opinion identification testimony by lay witnesses: United States v. Butcher, 557 F.2d 666 (9th Cir. 1977) and United States v. Calhoun, 544 F.2d 291 (6th Cir. 1976). While finding no rule which expressly forbids the use of such testimony, each court noted a certain apprehension *1032 over the use of such testimony in the absence of special circumstances.
As we view the legal issues herein we can not agree with defendants' contention that the rules prohibiting lay opinion testimony are pertinent or dispositive here.[3]
The identification testimony of Mrs. Francis and Miss Tobey was essentially factual in nature. Each gave testimony based on special knowledge and experience concerning the respective identities and/or appearances of the defendants. This special knowledge and experience provided each witness with a peculiar facility not possessed by the members of the jury, which made their observations concerning the subjects in the photograph particularly reliable. Therefore, the admission of such identification testimony was not error as it was reasonable, relevant and helpful to the jury.
We acknowledge that the above analysis may not be applicable to witnesses Schexnayder and Richard as neither could claim a knowledge of the defendants particularly superior to that of the jurors. However, even assuming that their identifications were impermissible, for whatever reason, there was no significant prejudice to the defendants (surely not such as to warrant reversal of the convictions) in light of the similar photograph identification by Mrs. Francis and Miss Tobey.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 10 (DEMOUCHET)
In defendant Demouchet's final assignment of error he alleges that the trial judge erred in allowing one of the state's witnesses, Bonnie Stasko, to testify as an expert in a field outside of her expertise.
Our review of the witness' testimony relative to her qualifications clearly indicates that the witness was sufficiently qualified to testify as an expert in the field of fingerprint analysis and that her testimony was limited to her field of expertise. This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 6 (FRANCIS)
In this assignment Francis alleges that the following evidence should not have been admitted due to an insufficient foundation: a pair of brown boots, a white "hard hat" and a pair of men's coveralls.
As noted in our discussion of assignments four and eight such evidence is admissible if the foundation laid establishes that it was more probably than not an object connected with the case. State v. Williams, 343 So.2d 1026 (La.1977); State v. Brown, 326 So.2d 839 (La.1975); State v. Isaac, 261 La. 487, 260 So.2d 302 (La.1972). The foundation for the items listed above was laid by the state through the testimony of Captain Landry. This witness testified that he had been given the items by defendant Francis' mother, and that he had brought them to the station, marked and tagged them for evidence and photographed them. This testimony more than sufficiently constitutes a proper foundation for the introduction of the items listed above.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 8 (FRANCIS)
Defendant Francis contends in this assignment that the trial court erred in admitting state exhibit eight, a white bandana handkerchief, into evidence. Defendant again bases his assignment on the state's alleged failure to lay a proper foundation for the evidence.
This assignment also lacks merit. Our review of the records indicates that the state clearly established that this exhibit was more probably than not connected with the case.

Decree
For the reasons stated above the convictions and sentences of defendants Preston *1033 Demouchet, Jr. and Jerry Francis are affirmed.
AFFIRMED.
NOTES
[1] R.S. 15:436 provides:

The best evidence which from the nature of the case must be supposed to exist, and which is within a party's control, must be produced.
[2] It should be noted that the bank teller who prepared the "bait list" was unable to testify at the defendants' trial because of injuries she received during the robbery. Additionally, the witness who testified as to the teller's signature had worked with the teller for a period of six years prior to the incident and had observed her signature on a daily basis.
[3] R.S. 15:463 provides:

Except as otherwise provided in this Code, the witness can testify only as to facts within his knowledge, and neither as to any recital of facts heard by him, nor as to any impression or opinion that he may have.