## No. 8980.

### The State of Louisiana vs. Paul Coudier.

A challenge to the array must be made upon the first day of the term, under the requirements of Act 44, of 1879. This act is operative in the parish of Jefferson and superseded previous acts upon the same subject-matter relating to said parish, special and general.

Where ample opportunity is afforded the accused to procure the attendance of a witness and he fails to have issued a subpœna for him, and there is otherwise a lack of diligence, a continuance should not be granted. That the witness is summoned by the State makes no difference.

Where a witness cannot be found at his usual place of residence, and the search and inquiries for him lead the officer to the conclusion that he has left the State, the deposition at the preliminary trial was properly admitted.

APPEAL from the Twenty-sixth District Court, Parish of Jefferson. *Hahn*, J.

*J. C. Egan*, Attorney General, for the State, Appellee.
*H. N. Gautier* and *H. C. Castellanos* for Defendant and Appellant.

The opinion of the Court was delivered by

Todd, J. The defendant appeals from a sentence for manslaughter, condemning him to four years' imprisonment at hard labor and to pay a fine of five dollars.

| 36 | 291 |
|----|-----|
| 45 | 1044 |
| 36 | 291 |
| 50 | 312 |
| 36 | 291 |
| 109 | 621 |
| 36 | 291 |
| 112 | 854 |

1. His first ground of complaint is the overruling of his challenge to the array of jurors.

The challenge was not made on the first day of term, as regulated by Act 44, of 1879, but the counsel for the accused contends that that act was not operative in the parish of Jefferson, but that a special act, being Act 37, of 1870, governed in criminal proceedings in that parish.

We think the Act of 1877, mentioned, was in force in the parish of Jefferson, and superseded the special act referred to, if that act had not already been repealed by Act 94, of 1873. The Act of 1877 was, by its very terms, enacted to have effect in all the parishes of the State, the parish of Orleans excepted. It must necessarily, therefore, have included the parish of Jefferson.

Under the special requirements of that act, the challenge was made too late. The bill was found on the — day of April, the court was adjourned to the 10th of September, and the challenge was made on the 17th of that month.

2. The next complaint is to the refusal of the judge to grant a continuance applied for on account of the absence of a witness. The application was refused because there was a want of diligence to procure the attendance of the witness. The case had been continued twice, and several postponements of the trial been made, yet there was no effort by the accused to procure the witness, and he had not even caused a subpœna to issue for him. That a subpœna had issued for the State did not excuse this omission on his part. In refusing the continuance, we cannot conclude that the judge abused his discretion.

3. A bill of exceptions was taken to the admission at the trial of the deposition of a witness taken before a justice of the peace on a preliminary trial, the objection being that the witness should have been produced in person. This witness once resided on Toulouse street, New Orleans, a subpœna had issued for him, and the officer did not find him at his designated place of residence, nor elsewhere in the city, after search made; and the only information he could obtain of him in answer to his inquiries was, that the witness had left the State. We think the objection was correctly overruled and the deposition properly admitted. The further objection that all the testimony taken at the preliminary trial was not reduced to writing amounts to nothing.

4. Another bill was taken to the exclusion of the declarations of the accused made after the commission of the offense and after his arrest.

The declarations were not part of the res gestœ, nor shown to be connected with the confession of the defendant testified to by another wit-

ness; and they came under no exception to the general rule that the declarations of the accused in his own favor are inadmissible.

This completes the review of the case, and finding no error in the proceedings the sentence is affirmed, with costs.

Rehearing refused.