## No. 11,446.

THE STATE EX REL. D'AMICO & SIDOTTI VS. THE JUDGE OF THE FIRST CITY COURT.

</div>

46 365
52 986
52 987

A *mandamus* to compel the inferior court to hear witnesses to confirm a default will not issue when, since the application of plaintiff to confirm the default, the defendant in the lower court has filed his answer.

In proceedings before the City Courts no default preliminary to judgment against defendant is required. Code of Practice, Arts. 582, 583.

Nor can these courts by their rules require such default.

The writs under Art. 90 of the Constitution will not issue when it is apparent they can serve no purpose.

APPLICATION for *Mandamus.*

*Branch K. Miller* Attorney for Relator:

Preliminary defaults need not be taken before justice of the peace courts, as is done before district courts.

Defaults and delays in the city courts are provided for by Arts. 1084 and 1055, C. P., and do not include preliminary defaults required before the district courts. Sec. 7, Act 45 of 1880 43 An. *et seq.* 177; 39 An. 990 *et seq.*; 37 An. 844.

*William C. Dufour* for the Responde t.

The opinion of the court was delivered by

MILLER, J. This is an application for a writ of *mandamus* to direct the judge of the First City Court to hear witnesses to prove plaintiff's demand in the suit of D'Amico *et al.* vs. Canuza. The complaint of relator here, the plaintiff in the lower court, is, that the judge refused to hear the witnesses, on the ground that no default had then been taken. The answer of the respondent judge is, that the rules of the court required a default to be taken before the proof could be administered, and under the rules three days after default before confirmation of the judgment; and he further

shows that defendant in the suit has, since the application of plantiff to prove his demand, filed his answer, and it is now too late to hear witnesses and render judgment as of date January 9, the date of plaintiff's application.

There is no power in this court to order the withdrawal of the answer of defendant filed in the lower court. The relator here, will necessarily have to fix the case for trial and prove the demand. It would, therefore, accomplish no purpose were we to hold that the respondent judge should have heard the plaintiff's witnesses when he offered them.

The writ is therefore refused at relator's cost.

### On Application for Rehearing.

On the application for a rehearing it is urged that in proceedings before the city courts the law provides for no defaults preliminary to final judgments, and hence it is insisted that our decision should have required the lower court to receive and act on the testimony tendered by the relator in proof of his demand, and declined to be received because there was no default.

It seems that the city courts have adopted a rule requiring defaults before judgments. But these rules must conform to the express law governing the proceedings before these courts. The law requires the defendant in suits before the city courts to answer the demand the day after service of citation. If he fail to answer, there is no provision for any default, and in our opinion the rules in these courts can not exact such default to be taken. It is the duty of the court, if defendant fail to appear, to receive the proof of plaintiff's demand and decide the case. We could in any proper case, compel by *mandamus* the performance of this duty. But the defendant may answer at any time, if judgment has not been rendered against him. In this case, the answer of the respondent judge brings to our notice that since he declined to receive plaintiff's testimony, the defendant has answered. This in our opinion requires that the case be fixed for trial, and the hearing on the day of trial of the witnesses for both parties. The *mandamus*, therefore, can not issue to compel the court to hear and act upon plaintiff's testimony in support of his demand, when, by filing his answer after the hearing of this testimony was refused, the defendant has acquired the right to have the case fixed and his witnesses heard. While the court recognizes that plaintiff's wit-

nesses should have been heard when tendered and judgment then pronounced, still in the present posture of the case—*i. e.*, the defendant having since answered, we can not issue the *mandamus* that would have been granted but for that answer, of which we are informed in the reply of the respondent judge.