## MARTIN v. UNIVERSAL LIFE INS. CO. OF TENNESSEE.*

### No. 16287.

Court of Appeal of Louisiana. Orleans.

Jan. 13, 1936.

Rudolph O. Vorbusch, of New Orleans, for appellant.

Gill & Simon and Warren M. Simon, all of New Orleans, for appellee.

JANVIER, Judge.

Universal Life Insurance Company of Tennessee issued a policy of insurance on the life of Victor Davis. Mary Martin was named beneficiary. Davis died, and Mary Martin, alleging that payment of the proceeds has not been made in spite of demand and proof of death, seeks judgment against the said insurer.

When the matter was called for trial in the First city court of New Orleans, defendant company had not filed answer, and counsel for plaintiff proceeded to interrogate witnesses produced by plaintiff. Counsel for defendant was present and, after several questions had been propounded, he requested that the trial be discontinued and postponed because of the fact that several of defendant's witnesses could not be "reached" and on the further ground that "the local manager has been out of town about two months." This request was refused by the trial judge, and counsel for plaintiff proceeded with the examination of witnesses. Counsel for defendant took part in the trial by making objections and by cross-examining witnesses.

After considerable evidence had been introduced, counsel for defendant requested that he be given a recess of fifteen minutes so that he might file an answer. Over protest and objection, this request was granted, and shortly thereafter an answer was filed in which several special defenses were alleged. The trial was then resumed, and at the close of the evidence for plaintiff no testimony or evidence was offered by defendant, and judgment was rendered for plaintiff for the full face value of the policy. Defendant has appealed.

It is contended that there was error in the refusal of the judge below to grant the continuance which was requested because of the absence of certain essential witnesses, and it is also contended that the court erred in refusing to sustain any of the various special defenses set up in defendant's answer.

' Considering the first contention, we conclude that, since none of the witnesses who were absent had been formally subpœnaed and since no request for continuance was made until after the trial had commenced, the judge below was not in error in refusing to grant the continuance.

Counsel for plaintiff now argues that, though the judgment appealed from is correct in that it is in favor of plaintiff for the full amount prayed for, nevertheless the court a quo erred in considering the contentions made by defendant in the answer; the argument being that the answer, since it raised special defenses, should not have been considered after issue had been joined by the commencement of the trial.

In cases in the First city court of New Orleans no provision is made for the entry of a preliminary default. This was recognized by the Supreme Court in State ex rel. D'Amico & Sidotti v. Judge, 46 La.Ann. 365, 14 So. 906. Therefore, it cannot be said that in the First city court issue is joined by the entry of preliminary default, as is provided for in article 360, C.P.

Nevertheless, we conclude that when no answer or appearance is filed by the defend-

*Rehearing denied Jan. 27, 1936.

ant there must be a time at which it shall be considered that issue has been joined, and surely. when counsel for defendant is present in court, and, without having filed appearance, permits plaintiff to proceed with the introduction of evidence in support of the allegations of the petition, it cannot be later contended that issue has not been joined nor that an answer raising special defenses may be filed. In State ex rel. D'Amico & Sidotti v. Judge, supra, a question very similar to that which was presented here was raised, but there it was sought to mandamus the judge a quo to render judgment without considering the defendant's answer. The court held that the answer might be filed at any time, but in that case the trial had not been commenced and no evidence had been introduced. It is true that the court said that "the defendant may answer at any time, if judgment has not been rendered against him"; but we think that this merely means that, if issue has been joined, he may deny the allegations made by plaintiff. Surely it cannot mean that, after issue has been joined, the defendant may set up special defenses changing the issue which has been joined. It would be obviously most unfair to permit a defendant, who fails to answer but who is represented in court by counsel, to await the introduction of evidence by plaintiff and to then set up special defenses and raise new issues pleaded for the first time. We believe that the special defenses should not have been permitted. However, since judgment was rendered in favor of plaintiff no harm has resulted.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed at the cost of appellant.

Affirmed.