PONDER, Justice.
The defendant was convicted under a bill of information charging him with the sale and delivery of a narcotic drug, to wit: marijuana, and sentenced to serve twelve years in the penitentiary. He has appealed from the conviction and sentence.
During the course of the trial, the defendant reserved twenty-six bills of exception but is only urging eight of these bills on this appeal.
Bill of Exception No. 1 was taken to the ruling of the trial judge refusing the defendant a continuance. It is alleged in the motion for a continuance that the defendant’s father is a material witness to his *503 defense; that no subpoena was issued for this witness because the witness advised the defendant that he would be available to testify on behalf of the defendant without the necessity of a subpoena; and that the defendant’s father was stricken with illness and incapable of testifying at the time the case was called for trial. The facts to which the witness would testify were alleged in the motion.
According to the testimony of the physician attending the defendant’s father, the witness was “suffering from alcoholic gastritis and was still shaking and with D. T.” The physician testified that he had no assurance that the witness was continuing the treatment he had prescribed. The physician also testified that he believed that there was a strong probability that the witness would be able to appear and testify at a later date. The motion was filed in court on the day the case was called for trial. It is alleged in effect in the motion that the witness would testify that the defendant was preoccupied elsewhere on the date the offense was committed.
The trial judge stated in his per curiam that there was no assurance that the witness would be available at any future date and we agree in his conclusion. If this witness thought so little of the defense of his son as to become intoxicated on the date the case was set for trial, there is no assurance that he would not do likewise at a later date.
Where no subpoena for a witness, is issued or no attachment requested to-compel his attendance a continuance should not be granted. State v. Kemp, 120 La. 378, 45 So. 283; Martin v. Universal Life Insurance Co. of Tennessee, La.App., 165 So. 25; State v. Veillon, 49 La.Ann. 614, 21 So. 856; State v. Coudier, 36 La.Ann. 291.
Bill of Exception No. 11 was taken to-the ruling of the trial judge permitting a witness to answer the following question: “What happened in the restroom?” The-witness answered, “Trooper Otwell searched me thoroughly and gave me-$20.00, sir.”
From the record it appears that the-obvious purpose of this question was to-show that LeBlanc, a State witness and the go-between for Otwell, in making the purchase of marijuana from the defendant was-searched by Otwell before the purchase was made in order to be certain that LeBlanc did not have any marijuana on. his person. Facts necessary to be known to explain a relevant fact, or which support an inference raised by such facts are permissible under LSA-R.S. 15 :441.
Bill of Exception No. 20 was taken to-the court’s ruling that Ray Herd, a State witness, was competent to testify as an: expert on the question of analysis and identification of marijuana. This Court has on other occasions recognized the competency of this witness as an expert in this field. *505 when this same objection was made. State v. Nicolosi, 228 La. 65, 81 So.2d 771 and State v. Dartez, 230 La. 492, 89 So.2d 48.
Bill of Exception No. 21 was taken to the ruling of the trial judge permitting the introduction in evidence of twenty-three cigarettes. The issue is one of fact, as to whether material offered in evidence has been identified as marijuana or whether it contains any quantity of marijuana, to be decided by the jury. State v. Shotts, 207 La. 898, 22 So.2d 209.
Bill of Exception No. 23 was taken to the ruling of the trial judge refusing to admit in evidence a registration record of Labella Motel in New Orleans. The trial judge sustained the State’s objection to this evidence on the ground that the record could not be authenticated. Moreover, the document was admitted in evidence and went before the jury when the defendant testified. We do not see how the accused was prejudiced under this state of facts. Counsel for the defendant argues that the refusal of the judge to admit the evidence in the first instance compelled the accused to take the stand to show that he had .signed the record when he did not intend to testify in his defense. We see no merit in this bill because the defendant was not compelled to take the stand. If the evidence was admissible in the first instanjK; the defendant could have relied upon bis bill of exception if he thought it was reversible error.-
Bill of Exception No. 24 was taken to the ruling of the trial judge permitting a defense witness to be recalled for further cross-examination. From the per curiam of the trial judge, it appears that the defendant’s witness, while under cross-examination, was ordered by the court at the request of the district attorney, to go to his office and return with the official records showing who owned the automobile bearing license number 554-759. Counsel for the defendant contends that when the witness returned to testify that the witness should have been placed on the stand as the State’s witness and that the court was in error in permitting the witness to testify under further cross-examination.
Counsel for the defendant has cited no-authority to support this contention and we know of none. The court had a perfect right to excuse the witness in order for him-to make a search of his records and return with the relevant information.
Counsel also contends that the judge was in error in refusing to let him interrogate the witness to establish the factual basis of this bill of exception. The statute, LSA-R.S. 15:499, only requires the court to order testimony taken down which forms the basis of a bill of exception. The ruling of the court complained of is whether or not the court had the right to permit the defendant to recross-examiné the witness and any statement that the witness might have *507 made in this respect would not alter the ■situation.
Bill of Exception No. 25 was taken to the ruling of the trial court permitting the defendant’s witness to answer the following question: “Will you now tell the jury what type of automobile bears that license and who is the present owner.” If the ownership of the automobile bearing this license number was immaterial, the defendant could not be injured by this ■evidence but, if it was connected with the •offense and an instrument used in committing the offense, it would be relevant and, therefore, admissible.
Counsel contends that the lower •court erred in refusing to allow him to interrogate the witness so as to establish a factual basis for the bill of exception and to attach the envelope bearing an automobile license number to the bill of exception.
It appears from the per curiam of the trial judge that the State witness, who wrote the inscription on the envelope, did not testify as to the number of the license of the car used in connection with the offense but the defendant called a witness, an employee of the revenue department, to establish the ownership of the number of the license plate designated on the envelope. When this witness was turned over to the State for cross-examination, he was asked who owned a certain automobile bearing a different license number. The witness was unable to give this information without examining his records and the court, thereupon, instructed him to get this information and when the witness returned he testified, under cross-examination, that the automobile bearing this license number was owned by the defendant’s father.
From a reading of the per curiam of the trial judge and the record in this case, it appears that the State had never referred to the number of the license written on the envelope and that the defendant was attempting to show that the automobile bearing this license number was not owned by anyone related to or connected with the defendant. After this took place, the State went further to show that the father of the defendant owned an automobile bearing a similar license and established that the car owned by the defendant’s father was the car used in connection with the offense. In other words, counsel for the defendant’s attempt to discredit the State’s evidence backfired. As a matter of fact, the ownership of the automobile was not really material because the defendant was charged with “selling” marijuana. There would have been no benefit to the defendant to have the testimony taken and the evidence attached under the circumstances surrounding this bill.
Bill of Exception No. 26 was taken to the ruling of the judge permitting Charles Broussard, a defense witness, while under cross-examination, to testify to the *509 fact that a certain automobile had been acquired by Evangeline Motors from Wilfred Elias, father of the accused. This bill is related to the two previous bills and is equally without merit. The purpose of this testimony was to show that the vehicle belonged to a member of the defendant’s family at the time of the commission of the crime. The defendant cannot complain about the admission of this testimony because he opened the door as to the ownership of automobiles and the State was perfectly within its rights to refute any testimony that counsel for the defendant offered in this respect.
For the reasons assigned, the conviction and sentence are affirmed.
FOURNET, C. J., absent.