359 So.2d 172 (1978)
STATE of Louisiana
v.
Dennis TERRY.
No. 61288.
Supreme Court of Louisiana.
May 22, 1978.
Rehearing Denied June 15, 1978.
*173 Carey J. Ellis, Jr., Ellis & Ellis, Rayville, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Don K. Carroll, Dist. Atty., William R. Coenen, Jr., Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant, Dennis Terry, was convicted of simple burglary, La.R.S. 14:62, and sentenced to six years at hard labor. On appeal he relies upon one assignment of error which was taken when the trial court denied his motion for a continuance filed on the day of the trial.
Defendant was charged with the burglary of a Western Auto Store in Rayville. He was extradited from the state of California and arrived in Richland Parish on June 15, 1977. Immediately upon his return the court appointed counsel to assist him in his defense. Defendant was arraigned on June 29, 1977 and pleaded not guilty. At this time trial was set for October 11, 1977. On August 19, 1977 defendant's initial counsel was replaced with another appointed attorney in response to a motion filed by his initial attorney alleging that defendant would not cooperate with him. Sometime before the end of August, defendant's present attorney conferred with his initial counsel and learned that one or two letters had been written to potential alibi witnesses in defendant's home town, Montclair, New Jersey. After a conference with the defendant on September 9, his present attorney wrote and mailed fourteen letters to potential alibi witnesses in Montclair, New Jersey on September 12.
On October 11, 1977, the day trial was to begin, the defendant moved for a continuance based on the absence of material witnesses. The written motion and defense counsel's oral statement at the hearing on the motion indicated that the attorney had located two witnesses in New Jersey who were expected to give testimony supporting defendant's alibi and that defendant had given him the names of other persons there who possibly would corroborate the alibi. The trial judge denied the motion on ground that there had been ample time to prepare for defense in the case. The Louisiana Code of Criminal Procedure Article 709 provides:
"A motion for continuance based upon the absence of a witness must state:
"(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity of the presence of the witness at the trial;
"(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
"(3) Facts showing due diligence used in an effort to procure attendance of the witness."
Generally, the "due diligence" requirement of Article 709 is not satisfied when defense counsel fails to have the potential witness subpoenaed. State v. Bennett, 341 So.2d 847 (La.1977); State v. Larue, 324 So.2d 384 (La.1975); State v. Elias, 230 La. 498, 89 So.2d 51 (1956), and cases cited therein. In this case, notwithstanding his failure to subpoena the witnesses, the defendant argues that he exercised due diligence in an effort to discover and procure the witnesses. Defense counsel testified that he had written letters to the potential witnesses on two occasions, first, on September 12, and again on September 29. Apparently, after receiving poor response from his first mailing, defense counsel wrote the same persons again by certified mail with return receipts requested. He further testified that he had received responses from two of the potential witnesses stating that they could give testimony favorable to the alibi defense. On the day of the trial, however, defense counsel had failed to subpoena any of the witnesses.
*174 The correct procedure would have been for the defendant to subpoena the witnesses expected to testify favorably pursuant to Louisiana Code of Criminal Procedure Article 741, which provides the method of obtaining witnesses from outside the state. Therefore, the facts do not show that due diligence was used in an effort to procure the attendance of the two witnesses expected to testify to facts supporting the alibi defense. As to the other prong of defendant's motion, the request for additional time within which to communicate with the other potential witnesses in New Jersey who had not responded to defense counsel's letters, the motion for continuance and supporting oral statement did not comply with the law because they did not state the facts to which these witnesses were expected to testify or facts and circumstances showing a probability that they would be available at any time to which the trial could have been deferred. La.C.Cr.P. art. 709(2) and (3).
The granting of a motion for a continuance is a matter addressed to the sound discretion of the trial judge and his ruling will not be disturbed absent a clear showing of abuse of discretion. State v. Bennett, 341 So.2d 847 (La.1977); State v. Weathers, 304 So.2d 662 (La.1974); State v. Navarre, 289 So.2d 101 (La.1974).
For the reasons assigned we conclude that there was no abuse of discretion by the trial judge in denying the defense motion for a continuance.
Accordingly, the defendant's conviction and sentence are affirmed.
DIXON, J., dissents with reasons.
DIXON, Justice (dissenting).
I respectfully dissent, believing there was an abuse of discretion in denying the continuance.