360 So.2d 1341 (1978)
STATE of Louisiana
v.
W. D. ATKINS, Jr.
No. 61156.
Supreme Court of Louisiana.
June 19, 1978.
Rehearing Denied July 26, 1978.
*1343 Richard V. Burnes, Gravel, Roy & Burnes, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant W. D. Atkins, Jr. was charged by short form indictment with "a theft of $20,373.46 in U.S. currency belonging to one Pamela B. Gray in violation of the provisions of R.S. 14:67." Following a jury trial, defendant was found guilty as charged and sentenced to six years at hard labor. On appeal Atkins relies upon ten assignments of error for reversal of his conviction and sentence.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Defendant contends that the trial court erred in denying his motion to quash the indictment, both as to the indictment standing alone and as to the indictment when considered in light of the state's answers to the defendant's motion for a bill of particulars. He presents four specific arguments for our consideration: (1) an essential averment was deleted from the short form indictment because of the failure to specify the value of the property taken; (2) the indictment and bill of information failed to state an offense which occurred within Lafayette Parish; (3) the indictment and answers to the bill of particulars failed to provide the defendant with adequate information concerning the charges against him; and (4) a transcript of defendant's deposition, taken in a civil case involving the same parties and introduced by stipulation at the hearing on the motion to quash, indicates defendant's innocence of the charged offense.
We will consider the arguments in the order presented:
(1) The defendant's contention that the short form indictment was fatally defective for failure to set forth the value of the stolen property is unmeritorious. The allegation that defendant was guilty of *1344 theft of "$20,373.46 in U.S. currency" sufficiently fulfills the requisites of the statutory short form indictment, since the value of all stolen property must, of necessity, be expressed in monetary terms.
(2) Defendant's second argument in effect urges that the prosecution was brought in an improper venue because the indictment, along with the State's answers to the bill of particulars, does not allege that any element of the charged offense occurred in the parish where the trial was scheduled. La.C.Cr.P. art. 611. However, defendant's motion to quash the indictment did not contain an allegation that the venue was improper. La.C.Cr.P. art. 615. Nevertheless, even in the absence of a motion to quash for improper venue, the State must prove proper venue at trial beyond a reasonable doubt. La.C.Cr.P. art. 615; State v. Frank, 355 So.2d 912 (La.1978); State v. Dillon, 260 La. 215, 255 So.2d 745 (1971). While this Court may not weigh for sufficiency the State's evidence as to venue, when the jury has determined the issue adversely to the defendant by a verdict of guilty, we may, provided that the issue is presented by the defendant's motion for a new trial, grant relief if there was no evidence whatsoever as to the proper venue. State v. Dillon, supra; see also, State v. Richard, 245 La. 465, 158 So.2d 828 (1963). In the instant case, however, the defendant's motion for new trial contained no allegation that the State had failed to prove that the proper venue of the charged offense was Lafayette Parish. Moreover, our review of the record indicates that there is substantial evidence that an "act or element" of the offense of theft occurred in Lafayette Parish. Defendant's second contention relating to the motion to quash lacks merit.
(3) Defendant contends that the trial court erred in determining that the short form indictment and the State's answer and amended answer to the bill of particulars gave him sufficient information to prepare a defense. Article I, § 13 of the Louisiana Constitution of 1974 grants an accused the right to "be informed of the nature and cause of the accusation against him." One implementation of this constitutional guarantee is Louisiana Code of Criminal Procedure Article 484, which gives to a criminal defendant the right to require the district attorney to furnish a bill of particulars "setting up more specifically the nature and cause of the charge against [him]." Although a defendant is not entitled by a bill of particulars to discover the details of the evidence with which the State expects to prove its case,[1] and although the trial court is vested with wide discretion in determining the sufficiency of the State's answers,[2] this Court has found reversible error in the failure to provide information of the nature and cause of the accusation against the accused as required by the constitution. For example, in State v. Miller, 319 So.2d 339 (La.1975), in reversing a conviction on these grounds, this Court set forth some of the factors to be considered in determining whether a defendant was given all of the information to which he is constitutionally entitled:
"The state is required, upon defendant's motion, to provide a criminal defendant with enough information so that he can identify the criminal transaction. There is no exact formula which can be applied to every charge to determine in a particular case whether a defendant has all of the information to which he is constitutionally entitled. In general, however, the extent to which the bill should be granted turns on the complexity of the case. If the crime is a single event, such as a murder, the scope of the bill will be less extensive than it will be if *1345 the crime involved is a series of occurrences, such as tax fraud or bootlegging. When a crime charged may be committed in a number of different ways, this Court has always recognized the accentuated need for the state to furnish particulars. Likewise, when the crime involves not a single occurrence but a series of occurrences, the state must supply enough information so that the accused can identify each criminal transaction. 319 So.2d at 342-3. [citations omitted]
In the instant case, the State's original answer to the defendant's motion for a bill of particulars provided little information relating to the acts which constituted the alleged theft. However, prior to trial, the State amended its answers to provide a detailed summary of the manner in which the offense was committed. Defendant was informed that he was charged with the theft of a specific amount of money from a particular identified client between the dates of February 3, 1975 and July 17, 1975 by taking them from an account in the American Bank & Trust Company in Baton Rouge which defendant had opened for the purpose of safekeeping and investment of the funds. Although the State could not inform defendant of the exact time and manner of the taking the information was specific enough to enable him to identify the alleged criminal transaction and to prepare a defense. Therefore, we find that defendant's contention relating to the sufficiency of the answers to the bill of particulars is meritless.
(4) Defendant contends that the trial court erred in failing to quash the indictment because the defendant's deposition, which was taken in connection with a civil action involving the victim of the alleged offense and introduced by stipulation at the hearing on the motion to quash, indicated that the defendant was innocent of the charged offense.
The question of factual guilt or innocence of the offense charged is not properly raised by the motion to quash. State v. Rembert, 312 So.2d 282 (La.1975). Further, the only issue presented to the trial judge for his consideration was whether the indictment charging the defendant with theft was insufficient as a matter of law or unconstitutionally vague. Since the instant objection was not contemporaneously urged, and since the trial judge could not at any rate have properly considered the issue of guilt or innocence in such a proceeding, defendant's contention is insubstantial.

ASSIGNMENT OF ERROR NO. 3
Defendant contends that the trial court erred in failing to grant a motion for a continuance based upon the absence of a material witness. La.C.Cr.P. art. 709, which governs applications for continuance based upon the unavailability of witnesses, provides:
"A motion for a continuance based upon the absence of a witness must state:
"(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
"(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
"(3) Facts showing due diligence used in an effort to procure attendance of the witness."
In the instant case, the victim of the alleged theft was a client of defendant, an attorney. The State's theory of the case was that defendant wrongfully misappropriated funds which he received as the proceeds of a settlement between Mrs. Gray and an insurance company following the death of her husband. Following the settlement, Mrs. Gray and defendant entered into a contract which allowed him to hold and invest the proceeds, at his discretion, for a certain period of time.
*1346 Prior to trial, defendant sought a continuance because Janice Deshotels, his former secretary and a witness to the signing of the contract, was absent from the state and presently unavailable to testify at trial. At the hearing on the motion, defendant's counsel stated that the witness, who was in California where her husband had recently undergone surgery, would testify that Mrs. Gray understood the contract and that the defendant was not present when the contract was signed, thereby refuting any charge of misrepresentation which the State might make. Defendant's counsel further stated that, although he had not issued a subpoena to compel the attendance of Mrs. Deshotels, he had only recently learned of her location, and she had informed him by telegram that she would appear in three to seven weeks.
The trial judge, in his per curiam to the instant assignment of error, stated that defendant's failure to subpoena Mrs. Deshotels indicated that the codal requisite of due diligence had not been met; he further stated that he believed that the witness' testimony as to Mrs. Gray's understanding of the contracts would be inadmissible because the witness would be stating a conclusion of law.
Our review of the record reveals no abuse of discretion on the part of the trial judge which would constitute reversible error under the prior decisions of this Court.[3] The trial court's finding that under the circumstances the defendant's failure to subpoena the witness indicated a lack of due diligence,[4] and its holding that defendant did not demonstrate that material, admissible testimony would be produced if the continuance were granted, is supportable under the record in this case. Since we find that the trial judge's decision did not constitute an abuse of the discretion accorded him under the article, we find defendant's third assignment of error to be without merit.

ASSIGNMENTS OF ERROR NOS. 4 AND 5
Defendant contends that the trial judge erred in refusing to grant a mistrial when the prosecutor referred in his opening statement to defendant's deposition and worksheet which were taken in a civil proceeding involving the same parties. He further asserts that the court's admonition to the jury was insufficient to mitigate the damage ensuing from the prosecutor's remarks. The prosecuting attorney stated:
"The money was not paid and a suit was filed on behalf of Pamela Gray against W. D. Atkins for payment of the money that she claimed she was entitled to. During the proceedings of this suit, Mr. Wright took Mr. Atkins deposition in a civil matter, took his testimony, and as a result of that, a certain worksheet was produced by Mr. Atkins explaining how. . . ."
At this point, defense counsel objected and moved for a mistrial on the basis of Louisiana Code of Criminal Procedure Article 767, which provides that the prosecution "shall not, in the opening statement, advert in any way to a confession or inculpatory statement made by the defendant." The court denied the motion, but did admonish the jury that "the statements made by either side in this matter on opening statement. . . as any statements of facts, are not evidence and should not be considered by you as such." Defendant asserts that the court's refusal to grant the motion for a mistrial constitutes reversible error. The *1347 State, however, contends that the deposition and worksheet were exculpatory rather than inculpatory in nature and that, in any event, the defendant suffered no prejudice since the documents were subsequently introduced into evidence. Since we agree with the latter assertion, we find it unnecessary to reach the issue of whether the documents constituted inculpatory statements within the contemplation of Article 767.
In State v. Snedecor, 294 So.2d 207, 209 (La.1974), this Court considered a defendant's contention that the prosecutor, in his opening statement, had violated the mandate of Article 767. Therein this Court stated:
"Defendant contends that the prosecutor's reference in his opening statement to a `police informer', `bugged automobile', `mike', and `tape recorder' made the jury aware that the State had an inculpatory statement of the defendant. Thus the denial of defendant's motion for a mistrial under Article 767 of the Code of Criminal Procedure was erroneous.
"The article states: `The state shall not, in the opening statement, advert in any way to a confession or inculpatory statement made by the defendant.' The reason for this prohibition is that, should the confession or statement not be admissible at trial, the jury's knowledge of its existence is prejudicial to defendant's rights. However, where the statement is subsequently introduced at trial, there can be no prejudice to the defendant flowing from the reference in the opening statement."
See also State v. Roddy, 270 So.2d 508 (La. 1972).
The situation presented in the instant review is similar to that found in the Snedecor case. Since the civil deposition and "worksheet" of the defendant were introduced into evidence at trial, he could not have been prejudiced by the references to them in the prosecutor's opening statement. Accordingly we find that defendant's fourth and fifth assignments of error lack merit.

ASSIGNMENT OF ERROR NO. 6
In this assignment of error defendant contends that the trial court erred in allowing Mrs. Gray to testify as to her state of mind at the time defendant originally received the settlement funds and whether she was allowed to read the settlement contract because defendant was accused of a theft without the consent of the victim and not a taking by means of fraud. The trial court did not err in allowing Mrs. Gray to testify. Defendant's conduct toward his client at this time was relevant to show the nature of his intent at the time of later disbursements of the settlement funds from the bank account and also tended to prove a lack of consent by Mrs. Gray to later takings.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 10
Defendant contends that the trial court's refusal to give requested special jury charges constitutes reversible error. Louisiana Code of Criminal Procedure Article 807 gives to both the state and the defense the right to submit to the court special written charges for the jury. The article further requires the court to charge the jury pursuant to the written request if "it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent." However, the charge need not be given if it is included in the court's general charge to the jury, or if it forms a part of another special charge which is given by the court.
Our examination of the record indicates that the trial court did not err in refusing defendant's special charges numbers one and eight. Both of these charges were attempts to set forth the necessary elements which the state must prove in order to establish the commission of the crime of theft, a matter fully covered by the trial judge in his general charge. Therefore, the *1348 charges were properly refused. State v. Luckett, 327 So.2d 355 (La.1976). Accordingly, we find defendant's tenth assignment of error to be meritless.

ASSIGNMENT OF ERROR NO. 11
In this assignment, defendant complains of the action of the trial court in allowing the prosecuting attorney, during closing argument, to distribute to the jury copies of documents which had already been introduced into evidence and examined by the jury at the time of their admission. Louisiana Code of Criminal Procedure Article 774 provides that closing argument "shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the State or defendant may draw therefrom, and to the law applicable to the case."
In State v. Rowell, 306 So.2d 668 (La. 1975), this Court found no error in a procedure whereby the jury was allowed to examine, during closing argument, evidence which had previously been admitted but which had not been examined by the jury at that time. The defendant argues that Rowell is distinguishable because, in the instant case, the jury had already viewed the evidence, and its subsequent distribution to the jury resulted in its being accorded undue weight. Our reading of Rowell, however, indicates that the court approved the procedure not because the jury had not previously viewed the documents, but because they had been introduced into evidence prior to the commencement of the closing argument. Therefore, we find that the trial judge did not err in permitting the evidence to be displayed to the jury during closing argument.
Further, we find no merit to the defendant's argument that he was prejudiced by the distribution of multiple copies, rather than a single copy, of the documents in question. Defendant has failed to demonstrate any prejudice resulting from a procedure which was apparently intended only to facilitate the jurors' viewing of the exhibits. Defendant's tenth assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 12 AND 13
Defendant contends that the trial court erred in overruling his motion for a new trial, which was based upon the contention that the state presented no evidence of certain essential elements of the crime of theft. Our review of the record indicates that the State presented at least some evidence of each of the essential elements of the offense; therefore, we find that the trial judge did not err in his ruling. See, State v. Finley, 341 So.2d 381 (La.1977). Accordingly, we find defendant's final assignments of error to be meritless.
For the reasons herein expressed, defendant's conviction and sentence are affirmed.
NOTES
[1] See, e.g., State v. Ford, 349 So.2d 300 (La. 1977); State v. O'Blanc, 346 So.2d 686 (La. 1977); State v. Jenkins, 338 So.2d 276 (La. 1976); State v. Marks, 337 So.2d 1177 (La. 1976). This rule was modified as to future prosecutions by Act 515 of 1977.
[2] State v. Huizar, 332 So.2d 449 (La.1976); State v. Nelson, 306 So.2d 745 (La.1975); State v. Vince, 305 So.2d 916 (La.1975); State v. Bailey, 261 La. 831, 261 So.2d 583 (1972).
[3] This Court in the past has demonstrated a noticeable reluctance to reverse in Article 709 cases absent a clear showing of abuse on the part of the trial judge. See, e. g., State v. Chavers, 294 So.2d 489 (La.1974); State v. Valentine, 262 La. 571, 263 So.2d 893 (1972).
[4] For cases holding that the "due diligence" requirement is ordinarily not satisfied when defense counsel fails to have the potential witness subpoenaed, see, State v. Terry, 359 So.2d 172 (La.1978); State v. Bennett, 341 So.2d 847 (La.1977); State v. Larue, 324 So.2d 384 (La. 1975); State v. Elias, 230 La. 498, 89 So.2d 51 (1956).