CIACCIO, Judge.
The relator, Troy J. Miller, was indicted, with co-defendant, Edward Williams, for first degree murder. La.R.S. 14:30. According to the indictment, on August 10, 1983, Miller and Williams “committed first degree murder of one Wayne C. Breland, while in the perpetration or attempted perpetration of a simple robbery.” The relator, Miller, filed a motion for a bill of particulars wherein he requested certain factual information concerning the charges against him. The State refused to provide the requested information and the district court found the refusal to be proper. Additionally, relator filed a motion to suppress the identification. The district court found that a cause of action was not stated by the motion to suppress the identification and therefore the district court summarily dismissed the defendant’s motion. We granted certiorari in this case to review the correctness of the trial court’s rulings on these preliminary motions. The record was ordered from the district court, all parties were afforded an opportunity to file briefs [1] and to argue this matter before this Court. After review of this case we reverse in part and affirm in part the judgments of the district court on these issues of discovery.

Bill of Particulars

In his request for a bill of particulars, the relator asked the state to disclose the following: (1) the time and location of the offense [#35] (2) the aggravating circumstances upon which the state would rely should the ease proceed to sentencing hearing [# 33] (3) the name of the robbery victim [# 34] (4) the facts out of which the homicide arose [# 36] (5) the object of the robbery [# 38] and the manner used for the robbery [# 39].
A bill of particulars may not be used to discover the details of evidence with which the state intends to prove its ease, however the state shall provide such information as to the nature and cause of the accusations as is required in order to allow the defendant to properly prepare a defense. La. Const. Art. 1, Sec. 13. State v. Atkins, 360 So.2d 1341 (La., 1978), cert. den. 441 U.S. 927, 99 S.Ct. 2041, 60 L.Ed.2d 402, reh. den. 442 U.S. 935, 99 S.Ct. 2871, 61 L.Ed.2d 305.
In the instant case there are multiple defendants and the state is required to prove the commission of two offenses in order to sustain a conviction for first degree murder. Under these circumstances and in order to properly prepare a defense to the charges the relator is entitled to certain of the discovery information he has requested.
That is, he is entitled to be provided the information requested regarding the. time and location of the offense [# 35], the name of the robbery victim [# 34], and the object of the robbery [# 38]. He is also entitled to know the aggravating circumstances which will be used by the state at the sentencing hearing, in sufficient time to prepare for the same. State v. Sonnier, 379 So.2d 1336 (La., 1979). The defendant is however not entitled to the facts out of which the homicide arose [# 36] nor the manner used for accomplishing the robbery [# 39] as this information constitutes details of the evidence of the state’s case.
Accordingly, for these reasons the judgment of the district court sustaining the state’s refusal to provide the information requested by the relator in his bill of particulars Nos. 33-35 and 38 is reversed and its judgment sustaining the state’s refusal to provide the information in items No. 36 and 39 of the relators bill of particulars is affirmed.

Motion to suppress the Identification

The relator moved to suppress the identification made of himself, after his arrest, *1167 on the basis that the identification resulted from procedures which were unduly suggestive and unreliable. In his motion to suppress the identification the relator contends that the state alleged that he “was identified after the police gave details to the newspaper indicating that the defendant had been arrested for murder, identified by other people and had given a statement to the police.” The trial judge found that such a statement in the motion did not provide a basis for granting the defendant a hearing upon his motion.
A motion to suppress will require an evidentiary hearing only when the defendant alleges facts that would require the granting of relief. C.Cr.P. Art. 703(E). Where the identification procedure is suggestive and it results in misidentification, this will constitute a grounds for reversal of a conviction. See: State v. Nicholas, 397 So.2d 1308 (La., 1981).
Although the defendant’s written motion is not precise in illustrating the exact basis for seeking to suppress the identification, it does meet the minimum requirements for granting a hearing to determine the motion to suppress. The argument made by the relator before the district court further illustrates this fact. That is, the relator contends that the police provided the local newspaper with information that they had arrested Edward Williams, the co-defendant, and he had confessed to the murder and implicated the relator. This story was published in the local newspaper with a picture of the relator and after this time the relator was identified. Accordingly, a sufficient basis exist for granting a hearing on the motion to suppress the identification. For this reason the judgment of the district court denying a hearing on the motion to suppress the identification is reversed and the matter is remanded to the district court for further proceedings consistent herewith.
For these reasons this writ is granted in part and denied in part.
WRIT GRANTED IN PART AND DENIED IN PART.

. The State elected not to file a response to the defendant's application. The defendant relied upon his application for writs and oral argument.