GAUDIN, Judge.
Appellant John Luwisch was convicted of armed robbery in the 24th Judicial District Court and sentenced to 12 years at hard labor without benefit of parole, probation or suspension of sentence.
The cashier of a convenience store positively identified Luwisch as the person who had struck her in the face with a blackjack and committed the robbery.
On appeal, Luwisch assigned and briefed three errors:
(1) The trial judge abused his discretion in not granting a continuance,
(2) The trial judge committed reversible error in allowing a Prieur hearing without sufficient notice, and
(3) The trial judge also committed reversible error in allowing into evidence pri- or criminal conduct of the defendant.
We find no substance in these assignments of error, and we affirm Luwisch’s conviction and sentence.
ASSIGNMENT NO. 1
On the morning of trial, Luwisch moved for a continuance because Pete De-Jean, a former employer of the store cashier, Pamela Loeffler, had not been served with a subpoena to appear. According to appellant’s attorney, “this man is ducking service ...”
The trial judge’s denial of the motion for a continuance was not an abuse of discretion. LSA-C.Cr.P. art. 709 provides that'a motion for a continuance based on the absence of a witness must state:
(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial,
*743 (2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred, and
(3) Facts showing due diligence used in an effort to procure attendance of the witness.
Here, defense counsel admitted that he hadn’t previously spoken with DeJean and that “... his information may or may not be critical ... I have not had the opportunity to discuss this with him.”
Further colloquy between the trial judge, defense counsel and the prosecutor indicated that DeJean was expected to testify about the cashier’s former employment and that she had been accused of stealing and had been fired. The cashier had previously worked for DeJean at a Big Stop store.
The Assistant District Attorney advised the trial judge that the cashier would admit being accused of stealing and being terminated by DeJean, and when the cashier testified during the trial she made such admissions, both under direct and cross examination.
The motion for a continuance was oral, assumedly because it was not learned until just before the trial was to start that DeJe-an had not been located.
Regarding the second section of Art. 709, appellant did not state that DeJean could or would be available at any subsequent date, in event the continuance was granted. Also, due diligence to locate DeJean was not shown, and no attempt was made to ensure DeJean’s appearance by the utilization of LSA-R.S. 15:257, the material witness statute that reads:
“Whenever it shall appear, upon motion of the district attorney or upon motion of a defendant supported by his affidavit, that the testimony of any witness is essential to the prosecution or the defense, as the case may be, and that there are good grounds to fear that said witness may depart or be taken from the jurisdiction of the court, a judge ... shall issue a warrant for the arrest of the witness. The witness shall be arrested and held in the parish jail ...”
In State v. Terry, 359 So.2d 172 (La.1978), the Supreme Court said that the failure to grant a continuance is a matter addressed to the sound discretion of the trial judge and will not be disturbed absent a clear showing of abuse.
Considering the foregoing, we find no abuse of discretion.
ASSIGNMENTS 2 & 3
Citing State v. Prieur, 277 So.2d 126 (La.1973), appellant argues that he was not given sufficient notice that the prosecution would present evidence of other crimes to show knowledge, system and intent. Further, Luwisch contends that this evidence had no probative value and was prejudicial. The written notice was handed to the defense 15 minutes before trial was to start.
In the Prieur decision, in State v. Goza, 408 So.2d 1349 (La.1982), and in other cases, the Supreme Court said that the State must give a defendant written notice within a reasonable time of its intent to use evidence of other crimes. We are not aware of any decisions saying that 15 minutes before trial was legally insufficient.
The Supreme Court, in affirming a second degree murder conviction in State v. Vernon, 385 So.2d 200 (La.1980), allowed the prosecutor to introduce evidence that the defendant had previously been arrested for carrying a concealed weapon. Apparently, from the opinion, the District Attorney did not give notice of intent to use this evidence. The Court said:
“Pretrial notice should have been given of the State’s intent to introduce the evidence and a determination should have been made of its admissibility.
“Nevertheless, introduction of the evidence does not constitute reversible error. In light of the entire record, we cannot say that knowledge of Vernon’s arrest for carrying a concealed weapon would so enflame the jury that it would unjustifiably convict the accused of sec *744 ond degree murder. See State v. Abercrombie, 375 So.2d 1170 (La.1979).”
As in Vernon, the other crimes shown at Luwisch’s Prieur hearing were of a lesser nature. Several witnesses said that appellant had previously committed acts of theft at the same Time Saver store he was on trial for having robbed while armed with a weapon. If carrying a concealed weapon charge did not unfairly prejudice a second degree murder case, we fail to see how stealing beer and sandwiches could unfairly prejudice an armed robbery defendant.
Luwisch did not advise the trial judge nor did he suggest to us just how he was prejudiced by having received only a 15-minute notice. When he testified, appellant admitted having shoplifted twice from the Time Saver store, but he denied the armed robbery.
Under the Prieur guidelines, the trial judge properly admitted the evidence of the other crimes. The perpetrator had entered the same store, staffed by the same cashier, always in the early morning hours and he stole consumables.
Evidence of these lesser crimes, involving Luwisch and the cashier, helped substantiate the cashier’s testimony that he was in fact the defendant who had hit her with the blackjack and committed the armed robbery in question. The probative value of the thefts clearly outweighed any prejudicial effect.
In addition to finding that Luwisch’s assignments of error are without merit, we also examined the record for errors patent and found none. We therefore affirm his conviction and sentence.
AFFIRMED.