WILLIAMS, Judge.
On October 23, 1985, the State charged the defendant Tyronne Hudson and code-fendant Terrone Jenkins each with the attempt armed robbery. On June 25, 1986, the defendant waived trial by jury and elected a trial by the judge. The codefend-ant elected a jury trial. The trial judge found Tyronne Hudson guilty as charged on June 26, 1986. A mistrial was declared by the judge in the codefendant’s jury trial because the jury could not reach a verdict. Subsequently on July 10, 1986, the code-fendant was again tried by a jury which found him not guilty. On October 20,1986, after the trial court informed the defendant of his rights and after the defendant admitted the allegations in a multiple offender bill the trial court sentenced the defendant to serve twenty-four years, six months at hard labor as a third offender pursuant to R.S. 15:529.1. The defendant appeals.
Chong Le, Mai Le and Huan Le, brothers and sister, worked for their father Dac Le in a family market on Louisiana Avenue. On August 2, 1985, at approximately 3:30 p.m., a man, later identified as Terrone Jenkins, the codefendant, entered the store, asked for the price of beer and left. Immediately after, Jenkins reentered the store with a man later identified as Hudson. Both proceeded to the back of the store near the meat counter where the butcher, Joseph Peter, was helping a customer. While Jenkins ordered sausage at the meat counter, the defendant returned to the front of the store where he grabbed Chong Le from behind, put a gun to his head and approached Mai Le who was working as a cashier. The defendant demanded that “everybody raise their hand.” The defendant then put his hand on the cash drawer in the register. Jenkins remained at the meat counter. A customer started to enter the store, saw what was happening and departed. The defendant called to Jenkins, “Let’s get out of here”, and ran out the front door. Because the butcher was running the meat saw Jenkins did not hear the defendant shout and did not leave the back of the store. Chong Le, a student of the martial arts, managed to knock Jenkins’ gun from him and to subdue him.
On October 11, 1985, as the Le family was preparing to go to court on a hearing relative to Jenkins, the defendant came to the store. When the defendant entered the store, Mai Le informed her brother Chong Le that she was sure the defendant was the man who had tried to rob them and had run away. Chong Le held the defendant at gunpoint until the police arrived.
At trial, Chong Le stated that he could not identify Hudson because he was so frightened during the incident and that he did not get a good look at Hudson because Hudson was wearing a cap. Mai Le stated the defendant stood “face-to-face” with her during the incident. She positively identified him at trial.
Haun Le was also present during the August 2nd incident. He was operating the second cash register near where his sister Mai Le was working, Haun Le par *338 ticipated in a photographic line up on May 8, 1986. Haun Le picked out a photograph of the defendant, signed his name and wrote “look like man” on the back of the photo. He stated at trial that he had no doubt that the photo was that of the man who tried to rob the store. On cross-examination, the witness waivered about the photo identification but positively identified the defendant in court.
The defendant, two male witnesses, and the defendant’s wife testified for the defense. The two male witnesses, store customers and friends of the defendant, testified that they had gone to the store with the defendant after August 2, 1985 and before October 11, 1985, and none of the storekeepers ever accused the defendant of trying to rob the store in August. The defendant’s wife testified her husband was employed and, in her opinion, could not have been the perpetrator. Hudson testified on his own behalf and denied any involvement in the incident. Hudson had previous convictions for burglary and possession of stolen goods.
By his sole assignment of error, the defendant maintains that the State failed to prove beyond a reasonable doubt that he was not misidentified as the perpetrator of the crime. The defendant argues that because none of the State’s witnesses noticed tatoos on his forearm, because Chong Le and Joseph Peter could not identify him as the perpetrator, because Huan Le gave an inaccurate physical description and a tentative identification in the photographic lineup and because Mai Le did not deny that she had said that all negroes look alike, the State failed to negate, beyond a reasonable doubt, a reasonable probability of misidentification.
Armed robbery is defined as the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. R.S. 14:64. An attempt is when a person who has the specific intent to commit a crime does or omits an act for the purpose of and tending toward the accomplishment of his object. R.S. 14:27. In the present matter, the defendant pointed a gun at Mai Le, demanded money and put his hand on the till before running off. Mai Le stood “face-to-face” with her assailant, positively identified the defendant as the perpetrator at trial and was “one hundred per cent” certain that the defendant was the perpetrator when she identified him to her brother on October 11, 1985.
Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The State negated the probability of misidentification in order to carry its burden. State v. Brady, 414 So.2d 364, 365 (La.1982); State v. Long, 408 So.2d 1221, 1227 (La.1982).
This assignment of error has no merit.
We have reviewed the record for errors patent and find one which merits discussion.
The bill of information charges the defendant with the attempt armed robbery of Chong Le. While Chong Le was involved in the incident, he could not identify the defendant as his assailant. The evidence supports[1] the finding that the defendant attempted to rob Mai Le who positively identified the defendant as her assailant. In State v. James, 305 So.2d 514 (La.1974), the bill of information charged the defendant with armed robbery of a company and not a person as required by R.S. 14:64. The Louisiana Supreme Court, recognized the technical insufficiency of the bill, but upheld the defendant's conviction where the accused was not prejudiced by lack of notice and had been fairly informed of the charge against him. Id. at 518. The defendant in the present matter does not complain that he was prejudiced because of lack of notice nor does he complain that he was not fairly informed of the charge against him, therefore, as in Jones, the error does not constitute reversible error.
*339 For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. See Assignment of Error.