BARRY, Judge.
Cam T. Nguyen was convicted of at> tempted theft of property valued between $100 and $500, La.R.S. 14:67, and sentenced to ten months in Parish Prison, with credit for time served and the remainder of the jail term suspended. She was placed on two years inactive probation and required to pay $250 to the Judicial Expense Fund, $250 to the Indigent Transcript Fund, a *257 $200 fine or serve 30 days in jail in default of payment of the fine, and court costs of $116.50 or serve thirty days in jail in default of payment of court costs.
FACTS
Pam Rawle, security manager for Mai-son Blanche, testified that on March 20, 1990 she observed Ms. Nguyen put a price tag on a blouse that sells for $28. The ticket that Ms. Nguyen attached to the blouse came from a pair of shorts priced at $8.99. After Ms. Nguyen walked away, Ms. Rawle retrieved the shorts and verified that the $8.99 price tag had been removed. She went to the security office and began a camera surveillance of Ms. Nguyen. Ms. Nguyen took the blouse and two dresses to a cash register in another department.
Ms. Rawle called the sales person and verified that the blouse had a $8.99 price tag. She instructed the sales person to ring up the sale even if the price was incorrect and have Ms. Nguyen sign the sales receipt.
Ms. Nguyen paid cash for the blouse and dresses and started to leave the store. Ms. Rawle and a security agent stopped her and she agreed to accompany them to the security office. They verified that all garments were tagged with incorrect prices. A dress which sold for $152 had a $59.99 tag and a dress which sold for $69.99 had a tag for $24.99. The $28 blouse had a $8.99 tag. Ms. Nguyen’s sales receipt showed that she had purchased three items for $59.99, $24.99 and $8.99 — a total of $102.43. The correct price of the merchandise was $259.99, a difference of $156.02. Ms. Nguyen had signed the back of the sales receipt.
Ms. Rawle voided the sale, returned Ms. Nguyen’s money and retained the merchandise.
Officer Wallace, the arresting officer, testified that Ms. Nguyen had in her possession the three garments marked with incorrect price tags and the receipt showing that she had purchased them at the lower prices.
Ms. Nguyen denied committing a crime.
ADMISSIBILITY OF EVIDENCE
Ms. Nguyen contends the trial court erred by allowing the State to present evidence that she switched price tags on the merchandise. She argues that evidence does not conform to the bill of information.
Ms. Nguyen was charged under La.R.S. 14:67, the general theft statute, with “theft of U.S. currency valued at $100.00 but less than $500.00, belonging to Maison Blanche, with the intent to deprive Maison Blanche permanently of said property.” R.S. 14:67 provides in pertinent part:
§ 67. Theft
Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
Ms. Nguyen points out that La.R.S. 14:67.10 prohibits price tag switching and provides:
§ 67.10. Theft of goods
A Theft of goods is the misappropriation or taking of anything of value which is held for sale by a merchant, either without the consent of the merchant to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the merchant permanently of whatever may be the subject of the misappropriation or taking is essential and may be inferred when a person:
(1) Intentionally conceals, oh his person or otherwise, goods held for sale;
(2) Alters or transfers any price marking reflecting the actual retail price of the goods;
(3) Transfers goods from one container or package to another or places goods in any container, package, or wrapping in a manner to avoid detection;
(4) Willfully causes the cash register or other sales recording device to re- *258 fleet less than the actual retail price of the goods; or
(5) Removes any price marking with the intent to deceive the merchant as to the actual retail price of the goods.
Ms. Nguyen’s counsel objected to the introduction of evidence of price tag switching or any crime other than the theft of U.S. currency from Maison Blanche.
In addition to R.S. 14:67.10 the Legislature has enacted a number of other specific theft provisions. The historical note to R.S. 14:67.1 (theft of livestock), the first specific theft provision, provides:
Nothing herein shall be construed to limit the discretion of the district attorney to determine how he shall prosecute pursuant to Article 61 of the Code of Criminal Procedure. Section 2 of Acts 1981, No. 165.
The State argues that R.S. 14:67 is an appropriate statute because Ms. Nguyen attempted to steal the difference in “value” between the retail price and the bogus prices. The State submits that “value” is synonymous with U.S. currency.
R.S. 14:67 and 14:67.10 both prohibit the taking of anything of value. In State v. Atkins, 360 So.2d 1341, 1343-44 (La.1978), cert. denied sub nom Atkins v. Louisiana, 441 U.S. 927, 99 S.Ct. 2041, 60 L.Ed.2d 402 (1979), the court approved a short form indictment charging the defendant with “theft of $20,373.46 in U.S. currency” even though there was no physical theft of currency. The court reasoned that the value of stolen property must, of necessity, be expressed in monetary terms.
The broad construction of indictments in favor of validity, in the absence of true lack of notice to defendant, ensures that conviction or acquittal bars further prosecution for any and all crimes included within the broad construction. State v. James, 305 So.2d 514, 519 (La.1974); State v. Hudson, 527 So.2d 336 (La.App.4th Cir.1988).
When there is a variance between the allegations of a bill of information and the evidence offered in support thereof, the court may order the amendment of the bill of information and then admit the evidence. La.C.Cr.P. art. 488. A defendant is entitled to a continuance if he shows that amendment of the bill of information has prejudiced his defense on the merits. La. C.Cr.P. art. 489.
Here no amendment to the bill of information was ordered or made. Failure to amend the bill of information does not constitute reversible error in the absence of prejudice to the defendant. State v. Robertson, 358 So.2d 931, 940 (La.1978); State v. Russell, 352 So.2d 1289 (La.1977).
Ms. Nguyen does not suggest that she was unaware of the circumstances leading to the bill of information. On the contrary, her counsel conceded in oral argument that he was aware of the discrepancy but did not file a bill of particulars because he considered the bill of information technically defective.
R.S. 67 prohibits the taking of anything of value belonging to another. The evidence of price tag switching clearly shows that Ms. Nguyen attempted to deprive Mai-son Blanche of the “value” of its merchandise. “Value” can only be expressed in monetary terms. Atkins, supra at 1343.
Under these circumstances we find no prejudice to Ms. Nguyen. The evidence of price tag switching was properly admitted.
Ms. Nguyen suggests that the trial court erred by admitting the garments and cash register receipt into evidence.
Ms. Rawle testified that she saw Ms. Nguyen purchase the blouse and two dresses. When Ms. Nguyen was stopped, she had a Maison Blanche bag containing the blouse and dresses which bore incorrect price tags and a sales receipt showing that she had paid for those items at the phony prices. Ms. Nguyen signed the sales receipt. Ms. Rawle identified the merchandise and sales receipt.
Those items were properly admitted into evidence. La.Code of Evidence Article 901.
SUFFICIENCY OF THE EVIDENCE
Ms. Nguyen argues that the trial court erred by denying her motion for a directed verdict of acquittal and the evi *259 dence was insufficient to convict her of attempted theft.
Our standard of review is to determine whether the evidence, when viewed in the light most favorable to the prosecution, is sufficient for a rational trier of fact to conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State v. Jarman, 445 So.2d 1184, 1189 (La.1984).
Ms. Rawle testified that she saw Ms. Nguyen attach a $8.99 tag to a blouse with a $28 tag. She observed Ms. Nguyen pay for the blouse and two dresses at the bogus prices. When Ms. Nguyen was stopped it was noted that the three garments had lower price tags. The difference in value between the original prices and the lower prices amounted to $156.02.
A conviction on circumstantial evidence can be affirmed only if, accepting as proven all that the evidence tends to prove, every reasonable hypothesis of innocence is excluded. La.R.S. 15:438. State v. Shapiro, 431 So.2d 372, 384 (La.1982).
R.S. 15:438 is not a separate test from the Jackson v. Virginia standard, but is an evidentiary guideline to facilitate appellate review of whether a rational trier of fact could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984).
A reasonable trier of fact could have found Ms. Nguyen guilty beyond a reasonable doubt.
The conviction and sentence are affirmed.
AFFIRMED.