KLEES, Judge.
On October 1, 1978, as the petitioner attempted to board a bus owned by defendant, NOPSI, she was caught in between the two sliding doors.
After trial, the trial court found that the bus driver closed the door of the bus without looking to see if there were any additional passengers attempting to board the bus. The trial court concluded that defendant breached the duty owed by it as a public carrier to its customers. Smith v. NOPSI, 391 So.2d 962 (La.App. 4th 1980). We find that this duty also includes those risks to which passengers are exposed while boarding.
The plaintiff at trial testified that the door cleared. She began to get up into the bus and as she did everything just smashed in on her. The defendants bus driver said he checked the door, it was clear, but then he looked at the handle to close the door and did not see the plaintiff until she was caught in the door. A passenger on the bus who testified for defendant stated the door began to close and she heard plaintiff say “Oh my God”, but did not know where she came from and did not see her until then.
Thus since neither the driver nor the witness saw plaintiff it is more likely than not that the driver failed to determine if there were any more passengers attempting to board the bus.
It is obvious that the finding of negligence on the part of NOPSI was based on a credibility evaluation by the trial judge. He was in a position to observe the demean- or of the witnesses and his factual finding based upon his credibility evaluations should not be altered unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
NOPSI also contends that the award of $3,500 for general damages should be reduced to $1,000 because the plaintiff did not introduce hospital records from Charity Hospital and the records of Dr. Genet who examined her soon after the incident. This argument lacks merit.
We cannot substitute our views on quantum in the absence of an abuse by the trial court of its much discretion, C.C. 1934(3), Coco v. Winston Ind. Ins., 341 So.2d 382 (La.1977); Reck v. Stevens, 373 So.2d 498 (La.1979).
The evidence adduced at trial shows that plaintiff, 42 years of age, was injured on October 1, 1978 and underwent active medical treatment through February 16, 1979 for muscle spasm in the neck and lower back, dragging of her left leg and loss of disc space between C-6 and C-7.
In addition the petitioner testified that the pain she experienced dampened her social life and resulted in her having to forego her job as a cocktail waitress at Al’s Jazz Room. Based upon these factors and the pain experienced by this particular petitioner the award of $3,500 was not an abuse of the wide discretion of the trial court and will remain untouched on review.
AFFIRMED.